(No. 41384.—

FRANK S. ACUFF, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Sealtest Foods Division, National Dairy Products Corp., Appellee.)

*Opinion filed November 22, 1968.*

ROBERT C. STRODEL, of Peoria, (WILLIAM R. KELLY, of counsel,) for appellant.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Claimant, Frank S. Acuff, appeals from a Peoria County circuit court affirmance of an Industrial Commission's reversal of an arbitrator's award of compensation based upon a finding of total permanent disability resulting from an occupationally aggravated heart disease. The Commission found no accidental injury occurred arising out of and in the course of the employment. Claimant urges here that his existing heart disease was aggravated by his occupational duties, that since death from occupationally related heart abnormalities has been held compensable, disability from occupationally aggravated heart disease is likewise compensable, and that the Industrial Commission indicated its misconception of the theory of his claim when it found no "accidental injury" occurred.

It is undisputed that claimant was employed by respondent Sealtest Foods Division, National Dairy Products Corp., continuously from 1946 until August 13, 1965. During this period he was in charge of the "hardening room", where ice cream, fruit and fruit extracts were kept at a temperature of 20-28 degrees below zero. His duties included unloading 30-lb. and 50-lb. cans of fruit from trucks and

pushing and stacking these into storage areas. He also sometimes worked on a production line, taking gallon cartons of ice cream off a conveyor belt, placing them into baskets six at a time and stacking the baskets in tiers, eight baskets high.

Commencing early in 1962, claimant experienced chest, shoulder and head pains. He was hospitalized during October, returned to work November 24, but continued to have chest pains, particularly following exertion or fast work. This condition continued until 1965, and during this time claimant took medication including nitroglycerin pills. The situation culminated in further hospitalization in August, 1965, when a diagnosis of arteriosclerotic heart disease, cardiomegaly, myocardial ischemia, hypertension and complete disability was made. He did not thereafter return to work.

Dr. Melvin Gorsuch testified for claimant and Dr. Charles Farnum, Jr., and Dr. Thomas Shekleton were called by respondent. Dr. Gorsuch, claimant's treating physician, testified that the exertion and extremes of cold connected with claimant's employment were causally related to claimant's ischemic heart disease, aggravated his angina pectoris and diminished exercise tolerance. On cross-examination Dr. Gorsuch was asked whether he had not answered "no" to the question "Is condition due to injury or sickness arising out of patient's employment?" when filling out physician's statement forms for insurance companies. He agreed that he had so answered the question on several such forms but explained that the effect of the employment exertion and cold would be to temporarily increase the manifestations of the symptoms (angina pectoris) and that claimant had not worked for some months at the time the forms were filled out in June, August, and October, 1966.

Had the Commission found that claimant's pre-existing heart condition was aggravated by the conditions under which he worked and his disability resulted therefrom and

was therefore compensable, it seems clear on this record that an award of compensation would not have been contrary to the manifest weight of the evidence. But the Commission found that the disability did not so result, and before claimant can prevail here we must be able to say the manifest weight of the evidence is contrary to that finding. This we cannot do.

Dr. Gorsuch, the medical witness upon whom claimant relies, testified, as noted above, that in his opinion the employment conditions did worsen or aggravate the employee's pre-existing condition. On cross-examination, however, he admitted he had on several occasions subsequent to claimant's disablement filled out physician's statements for an insurance company or companies and indicated thereon that the "injury or sickness" had not arisen out of the employment. While there may have been a difference in the doctor's opinion between "arising out of" and "aggravation of a pre-existing disease" which affected his answers on the forms, the Commission was entitled to consider this apparent conflict in its evaluation of the proof.

As we said in *Rockford Clutch Div., Borg-Warner Corp.* v. *Industrial Com.*, 39 Ill.2d 302, 306: "Decisions of the Commission ought not to be, and may not be, reversed by the courts solely because we would have decided differently had the initial decision been ours to make." (*Avis Hotel* v. *Industrial Com., ante* p. 54; *Gould National Batteries, Inc.* v. *Industrial Com.*, 34 Ill.2d 151, 158; *Mechanics Universal Joint Div., Borg-Warner Corp.* v. *Industrial Com.*, 21 Ill.2d 535, 538.) In our judgment, predicated upon a careful review of the entire record, we believe it may not fairly be said that the Commission's denial of an award in this case is contrary to the manifest weight of the evidence.

The judgment is accordingly affirmed.

*Judgment affirmed.*