(No. 42360.—

Katherine K. Boyd, Appellant, *vs.* The Industrial Commission *et al.*—(Central Soya Company, Appellee.)

*Opinion filed January 21, 1970.*

GREENBERG, JANSSEN & BECKER, and W. H. BECKWITH, both of Peoria, (JAY H. JANSSEN, of counsel,) for appellant.

COSTIGAN & WOLLRAB, of Bloomington, for appellee.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

The circuit court of Ford County confirmed the order of the Industrial Commission sustaining the decision of its arbitrator denying compensation to petitioner Katherine K. Boyd for the death of her husband, Orville Boyd. From that judgment petitioner has appealed.

Decedent had been employed by Central Soya Company as a truck driver and maintenance man for some ten years. On the day of his death he commenced work at approximately 7:00 A.M., and unloaded "pretty much full" 55-gallon oil drums by using a winch and cable which were operated by a lever on the truck dashboard; decedent remained in the cab of the truck, operating the winch, and other employees handled the drums. He went home for lunch at noon, returned about 1:00 P.M. and was directed to obtain 200 feet of ½-inch hemp rope. He drove the four-speed, manual shift and clutch truck about ½ mile to the maintenance shop, secured the rope weighing about 25-30 pounds and returned to a 35-foot bean pile. There he climbed into the bed of the truck, about 4 feet above ground, by first stepping onto the bumper, some 18″ above ground, and then onto the bed. He then coiled 20-25 feet of rope

in his hand, threw it towards the top of the pile, dropped to the ground and died of a coronary occlusion.

The evidence further established that decedent had complained of pains in his chest the week before and had difficulty breathing; there was undisputed testimony by fellow employees that decedent suspected he had heart trouble and thought he ought to see a doctor but had not done so. Unrebutted testimony also established that petitioner had told others her husband had heart trouble and "she had asked him to go to a doctor but he wouldn't go", and that her husband on the Saturday preceding his death "had the most severe attack she had ever saw him have"; and that he was not feeling well when he left for work on the day of his death.

Dr. Harold Diller, a former county coroner, who stated he usually referred his coronary occlusion and heart disease patients to internists, testified for petitioner. In response to a hypothetical question he gave his opinion that climbing up on the truck and throwing the rope "is reason to cause the coronary spasm"; that decedent was suffering from angina pectoris and had had an abnormal heart for some time prior to death.

Dr. Edward Livingston, an internist specializing in treatment of the heart, testified in response to a hypothetical question that "I don't think there was any relationship" between the work activities and decedent's coronary occlusion.

In our judgment resolution of the questions as to a causal relationship between the employment duties and the death of decedent was peculiarly within the province of the Commission (*Holiday Inns of America* v. *Industrial Com.,* 43 Ill.2d 88, and cases there cited), and its decision, on this record, is clearly not contrary to the manifest weight of the evidence. (*Holiday*). Accordingly, the judgment of the circuit court of Ford County is affirmed.

*Judgment affirmed.*