(No. 42924.—)

KATHERINE J. ORR, Appellant, *vs.* THE INDUSTRIAL COM-
MISSION *et al.*—(PITTSBURGH PLATE GLASS COMPANY,
Appellee.)

*Opinion filed December 4, 1970.*

LUTHER DEARBORN, of Lincoln, and ROBERT H. BRUNS-
MAN, of Springfield, both for appellant.

WOODS & THOMPSON, of Lincoln, (ROGER W. THOMP-
SON, of counsel,) for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

An arbitrator of the Industrial Commission entered an
award for the accidental death of an employee. The Indus-
trial Commission set aside the award and the circuit court
of Logan County affirmed the order of the Commission.

The case is here on appeal from the order of the circuit court.

The issue here is whether there was a causal connection between decedent's employment and his resulting death from heart disease. The fact that an employee suffers a heart attack while at work is not sufficient to justify an award of compensation in the absence of proof of causal connection between some phase of the employment and the resulting disability or death. (*Illinois Bell Telephone Co.* v. *Industrial Com.*, 35 Ill.2d 474; *Republic Steel Corp.* v. *Industrial Com.*, 26 Ill.2d 32.) The resolution of the factual question of a causal relationship is peculiarly within the province of the Commission, and its decision will not be set aside unless it is contrary to the manifest weight of the evidence, even though a court might have decided differently. (*Boyd* v. *Industrial Com.*, 44 Ill.2d 318; *Acuff* v. *Industrial Com.*, 41 Ill.2d 293.) In spite of certain language in *Belden Hotel Co.* v. *Industrial Com.*, 44 Ill.2d 253, tending to indicate that the Commission should not set aside an award where it heard no additional evidence, we reaffirm our earlier decision that regardless of whether the Commission hears additional testimony it exercises original jurisdiction and is in no way bound by the arbitrator's findings. *American Smelting and Refining Corp.* v. *Industrial Com.*, 13 Ill.2d 275.

The medical testimony in this case was conflicting but there was evidence in the record that decedent had suffered from generalized arteriosclerosis for a considerable time before the occurrence. A physician testified that in his opinion there was no causal connection between the employment and the heart attack. Further, it was established that in making application for nonoccupational insurance benefits, the decedent stated that his illness was not connected with his employment. *Cf. Rockford Clutch Div., Borg-Warner Corp.* v. *Industrial Com.*, 37 Ill.2d 62; *United States Steel Corp.* v. *Industrial Com.*, 8 Ill.2d 407.

In our opinion the Commission's denial of the award was not contrary to the manifest weight of the evidence and its order was properly affirmed by the circuit court. The judgment of the circuit court of Logan County is affirmed.

*Judgment affirmed.*