(No. 44565.—

HELEN M. KERZ, Appellee, v. THE INDUSTRIAL COMMISSION *et al.*—(Commonwealth Edison Company *et al.*, Appellants.)

*Opinion filed March 30, 1972.—Rehearing denied May 25, 1972.*

HACKBERT, ROOKS, PITTS, FULLAGAR and POUST, of Chicago (DOUGLAS F. STEVENSON and WILLIAM M. STEVENS, of counsel), for appellants.

RICHARD P. BOGUSZ, of Chicago, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This appeal is taken from an order of the circuit court of Cook County reversing the decision of the arbitrator and the Industrial Commission and granting compensation to the claimant-appellee. The sole issue in dispute is whether the circuit court erred in entering its own award where both the arbitrator and the Industrial Commission held that the decedent did not suffer accidental death arising out of and in the course of his employment.

Decedent, Frank Kerz, was employed as a boiler operator at a Commonwealth Edison plant in Chicago. His normal work shift was from 11:00 P.M. to 7:00 A.M. However, he often requested and was given overtime hours. On Wednesday, January 20, 1965, decedent, in addition to his regular shift which ended at 7:00 o'clock that morning, worked from 11:00 A.M. to 10:00 P.M. On Thursday, January 21, his usual day off, he worked from 11:00 A.M. to 10:00 P.M. The next day, Friday, January 22, he again worked his normal shift from 11:00 P.M. until 7:00 A.M. on Saturday. A co-worker testified that as decedent left for home that morning he complained of not feeling well and of having vomited during the shift he had just completed. At noon he was requested to work the 3:00 P.M. to 11:00 P.M. shift. He arrived for work at 2:45 P.M. and while changing clothes asked a co-worker to substitute for him, but this man refused. Burton C. Lane, the employer's shift engineer, on cross-examination, admit-

ted having a conversation with decedent on Saturday afternoon concerning the latter's job assignment for that day. He described decedent as angry and disturbed about the assignment because it did not conform to his job classification. Decedent commenced work at 3:00 P.M. and shortly thereafter collapsed and died of an acute coronary occlusion.

Decedent's wife testified that he was "normal" prior to January 20, 1965, but was tired and unusually quiet from January 21, following his double work shift until his death. These observations were corroborated by decedent's son.

Claimant called Dr. Arnold Black who, in response to a hypothetical question based upon the facts in evidence, stated that in his opinion decedent's work activities may have been causally related to his death. He based his conclusions on the fact that decedent had worked long hours in the days immediately preceding his death and decedent's lack of proper rest on the day of his death may have increased the strain on his heart. It was his opinion that the decedent's agitation concerning his work assignment would have increased the output of adrenalin in his body resulting in a greater heart rate. He further stated that decedent had a coronary artery which was partly narrowed by arteriosclerosis and that this was sufficient, with the increase in adrenalin, to cause a spasm, closing off a vessel blocking that area and developing a blood clot resulting in a coronary thrombosis and death.

On cross-examination the doctor testified that a coronary occlusion ordinarily occurs within a reasonable time and is preceded by a narrowing of the coronary vessels which may take place over a period of time. He admitted that decedent's statement that he was ill after finishing his shift at 7:00 A.M. that morning and his request that a co-worker replace him on the 3:00 P.M. shift may have indicated the beginning of this process. No other medical testimony was presented.

A determination by the Industrial Commission that there is no causal connection between a decedent's employment and his subsequent death will not be set aside unless it is contrary to the manifest weight of the evidence, for "[t]he resolution of the factual question of causal relationship is peculiarly within the province of the Commission ***." *(Orr v. Industrial Com. (1970), 47 Ill.2d 242, 243.)* From the record before us we find that Dr. Black's testimony that decedent's employment may have been causally related to his death is unrebutted. The cases cited by the appellants are distinguishable from the present case for they involved conflicting medical testimony *(Orr v. Industrial Com. (1970), 47 Ill.2d 242; Boyd v. Industrial Com. (1970), 44 Ill.2d 318; A.C.F. Industries, Inc. v. Industrial Com. (1956), 8 Ill.2d 552)* or the contradictory statements of claimant's own medical expert. *Acuff v. Industrial Com. (1968), 41 Ill.2d 293.*

We have held that an employee who suffers a heart attack while at work will be compensated if a causal relationship exists between the attack and his employment. *(Laclede Steel Co. v. Industrial Com. (1955), 6 Ill.2d 296.)* In *Republic Steel Corp. v. Industrial Com. (1962), 26 Ill.2d 32, 45,* we stated, "He [the employee] need not prove it [his employment] was the sole causative factor nor even that it was the principal causative factor, but only that it was *a* causative factor in the resulting injury." The record in the present case clearly demonstrates that there was a causal connection between the long hours of work, the fatigue, the dispute concerning his job classification and his death immediately thereafter. Therefore, we find that the decision of the arbitrator and Commission was contrary to the manifest weight of the evidence and the circuit court properly granted relief.

*Judgment affirmed.*