(No. 44556.—

WILLIAM HARTWELL Appellee, v. THE INDUSTRIAL COMMISSION *et al.*—(Illinois Packing Co. *et al.,* Appellants.)

*Opinion filed May 22, 1972.*

SWEENEY and RIMAN, of Chicago (GERALD O. SWEENEY, of counsel), for appellants.

DISCIPIO and DeCARLO, of Chicago (FRANCIS M. DISCIPIO, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The claimant, William Hartwell, petitioned the Industrial Commission for an award of compensation from the respondent, Illinois Packing Company, for an injury alleged to have been sustained in an accident that occurred while he was employed by that company. An arbitrator for the Commission held that the claimant had not sustained any disability as a result of the accident and the Commission affirmed. The circuit court of Cook County reversed the decision on the ground that it was contrary to the manifest weight of the evidence, and awarded compensation for total loss of sight of the right eye. The respondent has appealed. The amount of that award, if any is justified, is not contested.

On November 27, 1967, the claimant, a beef lugger, was carrying a piece of beef into a trailer when a piece of metal, an inch wide, two feet in length and a half inch in thickness, on the inside of the trailer, flew back and struck him in the right eye. He testified that immediately after this occurrence his eye filled with water and that he could not see out of it then, or at any later time. Shortly thereafter the eye turned black in color and it is not disputed that the claimant has permanently lost the use of that eye due to a cataract. There is no dispute as to whether the accident arose out of and in the course of the claimant's employment, and the only issue is whether the accident caused the claimant's loss of vision in his right eye.

Prior to his employment the claimant had been examined by a doctor employed by the respondent. In that examination, which occurred over five years before the accident, the company doctor determined that the claimant had perfect vision in both eyes. The claimant, who was 39 years old when the accident occurred, testified that prior to the accident he had never had any trouble with his vision and that he had been able to see as well with his right eye as with his left. One of the doctors to whom the claimant was sent by the respondent testified that the claimant had told him that about ten days before the accident he had gone for an examination for glasses because his eyes were tired, but he decided not to get them. There was no further evidence on the point. All of the doctors testified that the claimant has good vision in his left eye and that no cataract is present in that eye.

Four doctors, all specialists in the treatment of diseases of the eye, testified in the course of these proceedings. In the hearing before the arbitrator one doctor testified for the claimant and two for the respondent. Another doctor testified for the claimant before the Commission.

Dr. Schultz was called as a witness by the claimant, In response to a hypothetical question based upon the facts in evidence he stated that it was his conclusion that the cataract was traumatic in origin, that is, it was caused by an injury rather than by disease or the aging process. It was also his conclusion, based upon his examination of the claimant and the facts in evidence, that the accident on November 22 had caused the cataract and the loss of vision in the claimant's eye.

Dr. Page, who had treated the claimant two days after the accident, was called as a witness by the respondent. In response to a hypothetical question, he stated that it was his opinion that the cataract was not related to the accident. He had ultimately concluded, on the basis of continued observation of the claimant, that the cataract was not traumatic in origin and, therefore, that it was not caused by the accident. Dr. Page had referred the claimant at once to Dr. Shapiro, who also testified for the respondent. It was Dr. Shapiro's opinion that the cataract in the claimant's right eye had existed prior to November 22 and that the accident neither caused nor aggravated that condition.

On review before the Commission, Dr. Apple was called as a witness by the claimant. He had also examined the claimant and, in response to a hypothetical question incorporating the facts previously put into evidence, he stated that it was his opinion that the cataract was traumatic in origin and that it had been caused by the accident on November 22.

The resolution of conflicting medical testimony relating to whether there is a causal connection between a claimant's employment and disability or death is within the province of the Commission and its decision will not be set aside unless it is contrary to the manifest weight of the evidence. *Floyd v. Industrial Com. (1970), 47 Ill.2d 193; Orr v. Industrial Com. (1970), 47 Ill.2d 242.*

In this case, however, the claimant's testimony that he could see with his right eye before the accident but not afterward was never really disputed. The doctors who testified for the respondent did not take this fact into consideration in formulating their opinions. This fact was not referred to in the questions asked of them and they did not mention it in their testimony. Indeed, when claimant's counsel asked Dr. Shapiro whether he would attach significance to the fact that the claimant could see before the accident but not afterward, respondent's counsel objected and the objection was sustained by the arbitrator. The doctors who testified for the claimant considered this fact in arriving at their conclusion, as that fact was incorporated in the hypothetical questions which they answered.

In *Precision Connecting Rod Service v. Industrial Com. (1968), 40 Ill.2d 277, 281,* this court stated: "The concern of a court of review in Industrial Commission cases such as these is not to determine medical questions, on which, it appears, men of learning in that field disagree, but rather to pass on the legal questions presented, *viz.,* are the findings of the Industrial Commission contrary to the manifest weight of the evidence presented before it." In the present case neither the Industrial Commission nor the circuit court had to choose between truly conflicting medical theories since the doctors testifying for the respondent failed to consider that the claimant had actually lost his vision when the accident occurred. The claimant had adequate vision in his right eye before the accident and none afterward, and the only medical testimony which took cognizance of this fact established a causal relationship between the disability and the employment.

For this reason we are of the opinion that the decision of the Commission that the loss of vision in the claimant's eye was not caused by the accident was contrary to the

manifest weight of the evidence. *Cf. Kerz v. Industrial Com. (1972), 51 Ill.2d 319.*

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*