(No. 44760.

GUARDIAN ELECTRIC MANUFACTURING COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Dolores Szerkins, Appellee.)

*Opinion filed Jan. 26, 1973.—Rehearing denied March 27, 1973.*

JULIAN R. WILHEIM, of Chicago, for appellant.

DISCIPIO and DeCARLO, of Chicago (FRANCIS M. DISCIPIO, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This appeal is taken from a judgment of the circuit court of Cook County confirming the decisions of the arbitrator and Industrial Commission which granted com-

pensation to claimant Dolores Szerkins, the widow of Richard Szerkins. Deceased was employed by Guardian Electric Manufacturing Company (hereinafter Guardian) at the time of his death. Guardian contends that it has been denied its "constitutional rights to due process and equal protection" in that the award is contrary to the manifest weight of the evidence, and that the Commission abused its discretion by failing to specifically state in writing all findings of fact and conclusions of law upon which its decision was based as requested by Guardian.

The deceased, 37 years of age, was a foreman of the "finished stock department" at Guardian. During the 15 years of his employment his health record indicated that he had not complained of any serious illness and his pre-employment physical examination by a company doctor indicated his health to be "normal."

Claimant testified that on Saturday, December 10, 1966, two days prior to his death, her husband went to work and, upon his return, told her that he and several others had unloaded a van of toys to be distributed the following day at Guardian's Christmas party. She stated that he appeared pale and complained of fatigue and weakness in his legs. He rested the remainder of the day. The following morning, Sunday, December 11, he left home and told his wife that he was going to help out at the Christmas party. Upon her return from shopping that afternoon, she discovered her husband lying on a sofa. He appeared pale, had a cold sweat and complained about his chest. He had no appetite and continued lying on the couch until that evening when he took two antacid tablets and then went to bed where he spent a restless night.

The company time card indicated that he had worked several hours on Saturday, as well as a full 40 hours the week previous. Mason Rowell, a company executive, testified that he believed that on Sunday morning Szerkins "directed and assisted in the display of the toys" prior to the commencement of the Christmas party.

On Monday Szerkins arrived at work at approximately 7:00 A.M. He worked that morning and some time between 11:15 A.M. and 11:30 A.M. he drove his car to the plant loading dock where a fellow employee placed a container of coffee weighing about 30 pounds into his car. He was to deliver this container to a nearby subplant for the luncheon use of Guardian employees, as was the company custom. Shortly thereafter deceased was found by a friend slumped over the steering wheel of his car which was blocking traffic at an intersection located midway between the two plants. Mucous foam was coming from his mouth. The coffee container was not in the car and there was some evidence which indicated that coffee was delivered to the subplant that day, though the container was not found. Deceased was apparently taken to the Corbett Clinic where Dr. Holland, whose name appeared on the pathological report, pronounced him dead. Dr. Holland, however, was unable to recall any facts concerning the incident.

Guardian produced a number of witnesses at the hearing. Co-workers of the decedent testified that he had not assisted in the unloading of the toys on Friday or in their display on the day of the party. Julius Moniak, an employee, testified that all the work was done on Sunday and that on Saturday the toys were locked in the school auditorium where the party was to be held. Others testified that they had not seen the deceased at the party on Sunday, December 11. Mason Rowell later testified that he had not seen the deceased at the party that day, thus qualifying his earlier statement.

Guardian contends that the finding that death arose out of and in the course of his employment is contrary to the manifest weight of the evidence. Initially, it argues that there is no direct evidence as to the cause of death since no autopsy was ever performed.

In the hearing before the arbitrator, claimant called Dr. Riccardo Benvenuto, a coroner's physician, who

testified that he had examined the body that day and determined that the immediate cause of death was an acute myocardial infarction and that the conditions giving rise to that cause were an acute coronary thrombosis and organic heart disease. Dr. Michael Rieffel, in answering a hypothetical question, stated his opinion that death was causally connected to deceased's employment activities.

Guardian, on the other hand, presented four physicians whose medical qualifications are unchallenged. In response to a hypothetical question involving the facts in the present case, three of these physicians claimed an opinion concerning the cause of death could not be given because no autopsy had been performed.

The fourth physician, Dr. James Luke, called by Guardian, testified on review before the Commission, to establish the statistical probability of the cause of death being related to a coronary accident. He stated that based upon his study consisting of 275 autopsied cases of persons between 20 to 45 years of age who died suddenly of natural causes, only 78 died of "coronary related diseases." Of this latter group only 9 were infarction and thrombosis cases.

"A reviewing court's function is limited to determining whether the Commission's findings are opposed to the manifest weight of the evidence." (*Ketchum v. Industrial Com., 43 Ill.2d 166, 168.*) Absent such a determination the findings of the Commission, even when made in the face of contradictory evidence, will not be disturbed. *South Imports Motors, Inc. v. Industrial Com., 52 Ill.2d 485.*

It is Guardian's contention that the claimant did not prove the cause of her husband's death. We do not agree. It is not necessary for claimant to negate every plausible cause of death to establish the inference that the death resulted from heart failure. (*Field Enterprises v. Industrial Com., 37 Ill.2d 335, 339.*) Dr. Benvenuto stated his opinion that death was due to a heart malfunction.

Guardian's three medical experts testified that there was not sufficient evidence upon which they could base an opinion, and the final physician merely provided statistical data questioning the probability that death was by coronary accident. There is, therefore, no conflict as to Dr. Benvenuto's statements (see *South Import Motors, Inc. v. Industrial Com.*, 52 *Ill.2d 485*), and we cannot say that the finding that decedent died of a heart attack is contrary to the manifest weight of the evidence.

Guardian further contends that the finding that deceased's death was causally related to his employment is erroneous. Such position overlooks the testimony of Dr. Michael Reiffel, who in response to a hypothetical question stated that he believed deceased's injury was causally related to his employment. Guardian, however, argues that certain portions of the hypothetical question prejudiced Dr. Reiffel's response. Precisely it asserts that the inclusion of a death certificate which designated the cause of death as myocardial infarction, the fact that the deceased lifted a coffee container from his car immediately prior to death and the identification of Guardian as the hypothetical employer were improper. As long as the hypothetical assumptions are within the realm of circumstantial or direct evidence, as supported by the facts or reasonable inferences, the question is permissible. (*Gus T. Handge & Son Painting Co. v. Industrial Com.*, 33 *Ill.2d 201, 206.*) Having examined the question, we find that it was proper.

Claimant need only establish that employment was a causative factor in the resulting injury. (*Republic Steel Corp. v. Industrial Com.*, 26 *Ill.2d 32, 45.*) In the present case there is no testimony which truly conflicts with the opinion of Dr. Reiffel. (See *South Import Motors, Inc. v. Industrial Com.*, 52 *Ill.2d 485; Hartwell v. Industrial Com.*, 51 *Ill.2d 562; Kerz v. Industrial Com.*, 51 *Ill.2d 319.*) In view of deceased's prior physical well-being, the circumstances under which his body was found and the sudden-

ness of death, the conclusion that his death was causally related to his employment was not unreasonable. *City of Chicago v. Industrial Com., 45 Ill.2d 350.*

Guardian finally contends that the circuit court erred in refusing to hold that the Commission's failure to find specifically on all questions of law and fact upon which its decision was based is "an abuse of discretion and violated Guardian's constitutional right to due process and equal protection of the law." An examination of the record discloses that the Commission sustained the arbitrator and ordered that his determination stand as the decision of the Commission.

Section 19(e) of the Act provides in part: "In any case the Commission in its decision *may in its discretion* find specially upon any question or questions of law or fact which shall be submitted in writing by either party whether ultimate or otherwise; provided that on issues other than nature and extent of the disability, if any, the Commission in its decision shall find specially upon any question or questions of law or fact, whether ultimate or otherwise, which are submitted in writing by either party; provided further that not more than 5 such questions may be submitted by either party." (Emphasis added.) (Ill. Rev. Stat. 1969, ch. 48, par. 138.19(e).) Rule 19(E) of the Commission, which has now been superseded by Rule 4—5(D), provided that a party "may request in writing that the Industrial Commission *in its discretion* *** find specifically in writing on all questions of law and fact upon which the decision *** is based." (Emphasis added.) Guardian requested that "The Industrial Commission shall find specifically, in writing, on all questions of law and fact upon which the decision is based." This request was unlimited and in general terms. It would come under that provision of the quoted statute and the rule cited above which grant to the Commission a discretion in that regard. Guardian concedes this but argues that the discretion was abused. We do not agree. The arbitrator's award confirmed

by the Commission and constituting its decision, in effect, made findings in each and every matter necessary to support the decision. Special findings would not be necessary. *Garbowicz v. Industrial Com., 373 Ill. 268, 270.*

The judgment of the circuit court of Cook County confirming the decision of the Industrial Commission is affirmed.

*Judgment affirmed.*