(No. 45840.–

THE COUNTY OF COOK, Appellant, v. THE INDUS-TRIAL COMMISSION *et al.*—(Jerome F. Toussaint, Appellee.)

*Opinion filed March 29, 1974.*

Bernard Carey, State's Attorney, of Chicago (Donald P. Smith, Assistant State's Attorney, of counsel), for appellant.

Chiappori & Chiappori, and Samuel Allen, of Chicago (Oscar P. Chiappori, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

The claimant, Jerome Toussaint, filed a claim for benefits under the Workmen's Occupational Diseases Act (Ill. Rev. Stat. 1969, ch. 48, par. 172.36 *et seq.*) alleging that he had contracted cirrhosis of the liver in the course of his employment as a painter for Cook County. After a hearing the claim was denied by the arbitrator. The arbitrator's decision was affirmed by the Industrial Commission. The circuit court of Cook County reversed and remanded to the Commission, where an award was entered. The circuit court affirmed and an appeal was taken by the county. 50 Ill.2d R. 302(a)(2).

On July 27, 1967, while employed as a painter by the Cook County Department of Public Aid, Toussaint experienced nausea and dizziness. Several days later he was admitted to the hospital to have his gall bladder removed. During the operation the surgeon, Dr. Sultani, discovered that Toussaint's liver was twice its normal size and was discolored. He diagnosed the condition as cirrhosis of the liver, which was confirmed by a subsequent biopsy. Since that time Toussaint has been under continuous treatment

for his liver condition. He was advised by his doctor not to return to his job as a painter, and is currently employed in a substantially lower paying position.

Toussaint testified that he had been employed as a painter since 1939, and had worked in that capacity for the county since 1946. Most of his work was performed in a single building where, according to Toussaint, the ventilation was poor. In the course of his work he was continually exposed to the fumes of a toxic paint thinner, which he identified as benzene, but which was later established to be benzine, a less toxic substance than benzene. He contends that his continued exposure to the toxic paint-thinner fumes in this poorly ventilated work area caused the damage to his liver.

The county contends that benzine fumes could not cause cirrhosis of the liver, and argues that his illness was caused either by his practice of drinking one can of beer daily or by his prior use of a drug called P.A.S. (para-aminosalicylic acid) for treatment of a condition of pulmonary tuberculosis. Toussaint took P.A.S. periodically between 1943 and 1964, but has taken neither P.A.S. nor any other drug for his tuberculosis since 1964.

Two medical experts testified for Toussaint. Dr. Sultani, the treating physician, and the only physician who visually observed the diseased liver, stated that in his opinion the condition was caused by continuous exposure to toxic fumes. He stated that Toussaint suffered from portal cirrhosis rather than the nutritional cirrhosis usually associated with alcoholism. He further stated that a biopsy performed on the liver one year after the illness was first detected showed a substantial improvement in the condition of the liver. Dr. Sultani attributed this improvement to the fact that Toussaint was no longer exposed to toxic fumes. He added that despite this improvement Toussaint would never be able to return to his job as a painter. A second physician, who had examined Toussaint in March of 1970, testified that in his opinion Toussaint's injury was caused by chronic benzene poisoning, and was permanent.

The county introduced into evidence county purchase orders which showed that the paint thinner used by the county was benzine (also known as VMP Naptha) rather than benzene. A chemist testified that benzine was much less toxic than benzene, but conceded that even this milder substance could cause a toxic reaction when used over a long period of time.

Dr. Buckingham, the county's medical expert, testified that the claimant's condition could not have been caused by exposure to benzene fumes. Although he stated that P.A.S. could cause cirrhosis, he stated that he did not believe Toussaint's condition was caused by his use of that drug. Similarly, he did not indicate that Toussaint's condition was caused by his drinking habits.

The county contends that the circuit court's decision allowing recovery must be reversed for two reasons. First, it contends that although the claimant established that benzene could have a deleterious effect on the liver, he failed to prove that a similar result could be produced by benzine, the substance actually used by the county as a paint thinner. Secondly, the county argues that it was the function of the arbitrator and the Commission to resolve the conflict in the medical testimony. It argues that the Commission's decision was not against the weight of the evidence and that the court erred in overruling that decision.

The county contends that there was no evidence showing that continued exposure to benzine could cause cirrhosis of the liver. The entire examination and cross-examination of the two medical witnesses for the claimant and Dr. Buckingham, the county's medical witness, related to benzene and not benzine. The net result is that there is no medical testimony which relates specifically to the effect of continuous exposure to the fumes of benzine over an extended period of time. However, a reading of the testimony of Dr. Sultani, the treating physician, clearly shows that in describing the effect of continued inhalation of fumes of hydrocarbons he was not limiting his

testimony solely to the effect of benzene fumes. His testimony refers as well to other hydrocarbons which produce toxic fumes. On cross-examination, responding to a question as to whether the condition of the liver could have been caused by something else, Dr. Sultani ruled out alcohol and P.A.S. and other drugs as the cause of the condition. He concluded that of the known causes of cirrhosis of the liver the only cause which was present in the claimant's case was his inhalation over a period of years of toxic fumes.

In addition to the testimony of Dr. Sultani, the testimony of the county's chemist established that benzine, though less toxic than benzene, is nonetheless capable of producing a toxic reaction upon continued exposure. Taken together, the testimony of Dr. Sultani and of the county's chemist established the causal relationship between the exposure to the toxic fumes of benzine and the claimant's condition. Furthermore, the claimant's physical improvement after discontinuing his painting activities and exposure to these fumes is also strongly indicative of a causal relationship between his illness and his prior employment.

Dr. Buckingham testified that the claimant's condition could not have resulted from an extended exposure to benzene fumes through inhalation. He did not testify to the effect of a similar exposure to benzine fumes. Dr. Buckingham's testimony with regard to the benzene fumes is directly contradicted by the testimony of the claimant's two medical witnesses and by the chemist who testified on behalf of the county.

On review the circuit court can set aside a decision of the Commission only if it determines that the decision is against the manifest weight of the evidence. (*Hudson v. Industrial Com.,* 387 Ill. 228.) Judicial deference to a Commission decision is particularly appropriate in cases involving conflicting medical testimony. (*Inland Steel Co. v. Industrial Com.,* 18 Ill.2d 70.) However, even in such cases the court should reverse a Commission decision

which is contrary to the manifest weight of the evidence. *National Castings Division of Midland-Ross Corp. v. Industrial Com.*, 55 Ill.2d 198; *Hartwell v. Industrial Com.*, 51 Ill.2d 562; *Kerz v. Industrial Com.*, 51 Ill.2d 319.

Certain facts are undisputed in this case. Toussaint was exposed to toxic fumes for 21 years. He contracted cirrhosis of the liver. His condition improved markedly after his exposure to those toxic fumes ended. Also, Dr. Sultani, the treating physician and the only expert who actually viewed the diseased liver, unequivocally stated that claimant's condition was caused by the toxic fumes he had inhaled in his employment. The county's chemist admitted that the toxic benzine fumes could produce a deleterious effect. Given these facts and the absence of any other explanation for the claimant's condition, any inference by the Commission that benzine was not a causative factor, which inference the Commission may have drawn from Dr. Buckingham's testimony concerning benzene, is clearly contrary to the manifest weight of the evidence. Under these circumstances the circuit court of Cook County properly reversed the first decision of the Industrial Commission.

*Judgment affirmed.*