(No. 58350.—

GREAT PLAINS GAS COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Jeffrey M. Harris, Appellee).

*Opinion filed February 1, 1984.—Rehearing denied March 30, 1984.*

Henry D. Noetzel & Associates, Ltd., of Peoria (John E. Mitchell, of counsel), for appellant.

Paul G. Bradshaw of Peoria, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission found that petitioner, Jeffrey M. Harris, suffered accidental injuries arising out of and in the course of his employment by respondent, Great Plains Gas Company, and awarded him temporary total disability benefits of $147.47 per week for 52¹/₇ weeks. The arbitrator, pursuant to section 8(d)(2) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.8(d)(2)), also found that the injuries sustained by petitioner caused him permanent partial disability to the extent of 70%, and awarded him $147.47 per week for a period of 350 weeks. On review, the Industrial Commission affirmed the arbitrator's findings and awarded interest under section 19(n) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(n)). On *certiorari*, the circuit court of Tazewell County confirmed the Commission's decision. Respondent appealed. 87 Ill. 2d R. 302(a).

The order of the Industrial Commission on review included the following findings:

"1. Petitioner was a 20 year old fillhouse operator. On December 2, 1978 there was a propane gas explosion in the plant and he received first, second and third degree burns over 44% of his body. Petitioner was taken to the Springfield Memorial Hospital Burn Center and had burn debridement surgery performed on both arms, both thighs, right and left flanks, ears, buttocks and back. Skin grafts were applied to both arms, ears and back from both thighs. Other surgeries were performed for contractive release of the left shoulder, for release of the web space contracture between the fingers of the right hand and for removal of scars on the face. Petitioner wore a Jobst pressure suit for eighteen months.

2. Petitioner testified at Arbitration on July 15, 1980 that he had lost his strength, he had tightness in his upper and lower back when he bent over, tightness in his

shoulder, and tightness when he bent sideways. Petitioner also testified that he would sun burn very easily, his body was sensitive to changes in the temperature, his skin itched and he must use lotion every day to reduce itching, his left ear ached in cold weather, his skin bruised more easily, he had sores which constantly came and went, and he had heartburn regardless of what he ate. On January 16, 1980, Petitioner returned to work. He first returned to his previous job in the fillhouse, but then became a truck driver. At the time of Arbitration, he was driving a truck and delivering bottles of gas.

3. Petitioner was examined at Respondent's request by Dr. Whittaker on March 19, 1981. Dr. Whittaker's report was submitted on Review. He observed scars on the scalp, ears, back, arms, hands, and buttocks. There was tightness in the chest wall upon motion of the right and left arms.

4. The Commission observed the Petitioner on January 21, 1982. It observed keloid scars all over the Petitioner's back, under his arms, and on his buttocks, that part of his ears are missing and he has restriction of the left arm motion."

Respondent first contends that the award of 70% permanent partial disability under section 8(d)(2) was contrary to the manifest weight of the evidence. It argues that the evidence shows that petitioner is not 70% permanently partially disabled, and that he is now a truck driver for defendant delivering bottles of propane gas. The evidence shows, too, that in making deliveries of 100 to 120 bottles of gas each day, petitioner lifts two 74-pound bottles at a time and carries one in each arm, and that he works full eight-hour days both driving the truck and on Saturday in the fillhouse. Respondent argues that the medical reports submitted show clearly that petitioner suffered no functional disability. It asserts that petitioner's examining physician, Dr. Robert J. Richardson, reported that "there is no particular evidence of functional disability regarding range of motion of the upper extremities, trunk or head and neck

areas." Respondent states that Dr. Jack Baldwin, one of the treating physicians, noted that petitioner had a "full range of motion" and that Dr. Lorin Whittaker, the respondent's examining physician, noted that petitioner's neck, arm, elbow, wrist and finger motions were normal. Respondent also argues that Dr. Whittaker reported that petitioner "has no limitation on the type of physical work that he does."

On these facts, respondent contends that because of petitioner's scars, an award for disfigurement only is appropriate. Ill. Rev. Stat. 1977, ch. 48, par. 138.8(c).

Petitioner argues that, on the contrary, he suffers from a number of physical problems caused by the injury. He states that he is now bald on two areas of his head, cold weather causes the inside of his left ear to hurt considerably, sores occur on his burned skin areas, he bruises more easily, he suffers from heartburn after eating anything, his skin now burns more easily in the sun, and he must apply lotions to his skin every day to reduce itching. Petitioner also testified that he is self-conscious about his appearance in certain situations, such as swimming in an indoor pool. Petitioner points out that his examining physician, Dr. Richardson, reported that his hand scars are "moderately vulnerable and more easily injured if they should be involved in traumatic circumstances" and that as he ages, "the burned areas would become more vulnerable to changes than the normal skin area." Petitioner also states that respondent's examining physician, Dr. Whittaker, reported that petitioner "will continue to have some drawing" in his lateral chest walls when he fully abducts his arms.

We consider respondent's contention that an award under the disfigurement provisions would have been proper. Section 8(c), in pertinent part, reads:

"(c) For any serious and permanent disfigurement to the hand, head, face, neck, arm, leg below the knee or

the chest above the axillary line, the employee is entitled to compensation for such disfigurement ***." (Ill. Rev. Stat. 1977, ch. 48, par. 138.8(c).)

As a result of the accident, petitioner suffered disfigurement to parts of his body other than those listed in section 8(c), and injuries other than those covered by sections 8(c) and 8(e), which, while causing physical impairment, did not incapacitate him from pursuing the duties of his employment. Under these circumstances, section 8(d)(2) is clearly applicable.

In *McKay Plating Co. v. Industrial Com.* (1982), 91 Ill. 2d 198, the petitioner had suffered a nasal septal perforation, and the medical reports stated that the injury had " 'practically completely healed' " and that the petitioner " '*** has had good repair of ***' " his injury, and would be " '*** able to work at any reasonable occupation, where he will not be exposed to noxious fumes ***.' " (*McKay Plating Co. v. Industrial Com.* (1982), 91 Ill. 2d 198, 203, 204.) The petitioner, however, stated that he continued to have difficulty breathing through his nose and headaches. This court affirmed the Commission's finding of 20% permanent partial disability, stating that "[t]he determination of the extent of petitioner's injury is the function of the Commission, whose finding will not be disturbed unless it is against the manifest weight of the evidence." (*McKay Plating Co. v. Industrial Com.* (1982), 91 Ill. 2d 198, 205.) On this record, we are unable to say that the finding that petitioner has suffered permanent partial disability to the extent of 70% is contrary to the manifest weight of the evidence.

Respondent contends next that, because the Industrial Commission did not set forth any conclusions of law in its decision, it failed to comply with its statutory duty in rendering the award. Petitioner responds that the Commission may have decided that there were no questions of law to be decided other than those answered implicitly by the

Commission's decision that petitioner's injuries were compensable under section 8(d)(2). On this record, the failure of the Commission to state a separate conclusion of law on this point does not require that its decision be set aside.

For the reasons stated, the judgment of the circuit court is affirmed.

*Judgment affirmed.*