GEORGE R. WEERS, SR., Appellant, *v.* THE INDUSTRIAL COMMIS-
SION *et al.* (Pestl Painting and Decorating, Appellee).

Third District (Industrial Commission Division)  No. 3—84—0122WC

Opinion filed June 28, 1984.

Joseph F. Bartley III, of Bartley, Fraser, Parkhurst & Hession, of Peoria, for appellant.

Joseph E. Winne, of Prusak & Winne, of Peoria, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Petitioner, George R. Weers, suffered a heart attack on August 23, 1980, while working for respondent, Pestl Painting and Decorating Company (Pestl). Petitioner filed an application for adjustment of his claim for compensation, and an arbitrator awarded benefits for temporary total disability in the amount of $331.62 per week, for a period of 16²/₇ weeks, under section 19(b) of the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(b)). In addition, petitioner was awarded the sum of $29,459.23 for necessary medical expenses pursuant to section 8(a) of the Workers' Compensa-

tion Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.8(a)). The Industrial Commission reversed the arbitrator's decision and found that petitioner had failed to prove that he sustained an injury arising out of and in the course of his employment. The circuit court of Peoria County confirmed the decision of the Industrial Commission, and petitioner has perfected this appeal.

On August 23, 1980, petitioner was 54 years old and was employed by Pestl as a painter. While he was painting on a stepladder in front of the Holiday Inn in Peoria, petitioner experienced chest pains and was unable to continue his work. Petitioner was taken to the hospital, where it was determined that he had suffered a heart attack.

Petitioner testified that on the day of the incident he was doing average work of the type he was accustomed to. He said that on September 15, 1980, he signed a statement at the hospital which stated: "On the day of the heart attack I was not doing anything unusual." Petitioner stated that prior to his heart attack on August 23, 1980, he had never experienced any chest pains nor had he been treated for heart disease. Letters from petitioner's physicians, Dr. Carlos Almeida and Dr. E. Salamone, corroborated petitioner's testimony regarding the absence of prior heart ailments. Petitioner further testified that he had worked 11 or 12 hours the day before his heart attack and that on August 23, 1980, the weather was unusually "hot and mucky."

Arnold Pestl, president of Pestl, testified that petitioner's wife told him that petitioner was tired and not feeling well on the morning of August 23, 1980, and that prior to petitioner's heart attack she felt that something was wrong with petitioner because he would favor his arm and rub it.

Charles Remley, who was working with petitioner on August 23, 1980, testified that on the day of petitioner's heart attack Pestl's workers were not performing any work that was any more strenuous than the type of work they were normally accustomed to doing.

Petitioner's wife testified that she told Mr. Pestl that her husband was not feeling well the morning of August 23, 1980, and that he had been extremely exhausted for a couple of months prior to his heart attack. Mrs. Weers also stated that prior to August 1980 petitioner experienced numbness in his arms and hands.

The medical report of Dr. David G. Best, the cardiologist who treated petitioner during his initial hospitalization, stated that petitioner suffered a myocardial infarction while painting. Dr. Best's report further stated: "As to the questions of the cause of the heart

attack, most myocardial infarctions are the result of atherosclerotic heart disease. Most likely, [petitioner] had significant coronary artery disease prior to his attack."

Petitioner was again hospitalized in October 1980 under the care and treatment of Dr. Robert C. Gomez,. a cardiovascular surgeon. During this subsequent hospitalization he underwent triple coronary artery bypass surgery. The medical report of Dr. Gomez concluded that the coronary disease which necessitated petitioner's surgery was present prior to his myocardial infarction. Dr. Gomez issued another report, dated April 9, 1981, and in this report he stated:

"I feel that the patients [sic] findings at catheterization revealed evidence of severe atherosclerotic coronary disease involving the left anterior descending, circumflex and right coronary artery. The coronary atherosclerotic disease antedated his myocardial infarction and in itself was the underlying cause for him developing an anterior wall myocardial infarction. Based on the above information it is my opinion that Mr. Weers [sic] myocardial infarction was caused from coronary artery disease. Assuming that on August 23rd 1980 Mr. Weers was doing his normal duties and not doing any extraordinary work or stress I can't directly implicate the work as causative in development of his myocardial infarction. The infarction could have occurred at any time, even during periods of inactivity while not on the job as well as while on the job. So primary etiologic basis of his condition is the atherosclerosis and not necessarily the work."

Petitioner contends that the evidence establishes either that he was subjected to a greater degree of stress than usual or that his job-related stress constituted a contributing factor which accelerated his heart attack. Petitioner concludes that, as a consequence, he had met his burden of proof that he suffered an injury arising out of and in the course of his employment.

Pestl maintains that the arbitrator's award of temporary total disability was based on mere speculation, since there was no medical evidence to support petitioner's claim that he suffered an injury arising out of and in the course of employment. We agree.

■■ ■ A claimant seeking workers' compensation for a heart attack has the burden of establishing that it arose out of and in the course of employment. (*Pontiac Chair Co. v. Industrial Com.* (1974), 59 Ill. 2d 261, 265-66, 320 N.E.2d 7, 10.) The issue of causation is implicit in the issue of whether the injury arose out of and in the course of employment. (*Steiner v. Industrial Com.* (1984), 101 Ill. 2d

257, 261.) Proof of the fact that an employee suffers a heart attack while at work is insufficient to justify awarding compensation in the absence of the additional proof of a causal connection between the employment and the disability or death. (*Johns-Manville Corp. v. Industrial Com.* (1975), 60 Ill. 2d 221, 225-26, 326 N.E.2d 389, 391; *Orr v. Industrial Com.* (1970), 47 Ill. 2d 242, 243, 265 N.E.2d 109, 109-10; *City of Chicago v. Industrial Com.* (1970), 45 Ill. 2d 350, 352, 259 N.E.2d 5, 7.) Whether the causative factor has been established is a factual determination within the purview of the Industrial Commission, and its decision will not be set aside unless it is contrary to the manifest weight of the evidence. *Johns-Manville Corp. v. Industrial Com.* (1975), 60 Ill. 2d 221, 326 N.E.2d 389; *Orr v. Industrial Com.* (1970), 47 Ill. 2d 242, 265 N.E.2d 109.

■ Petitioner's argument that he has met *his* burden of proof in the case at bar appears premised on the fact that petitioner had worked overtime the day prior to his heart attack, that he had no history of heart problems prior to August 23, 1980, and that he was working on a "hot and mucky" day. All the medical evidence, however, contradicts petitioner's claim that his heart condition was work-related. In our view, the evidence taken as a whole supports the Industrial Commission's determination that petitioner has failed to establish that his injury arose out of and in the course of his employment. In any event, it cannot be said that such determination by the Industrial Commission was against the manifest weight of the evidence presented in the instant case.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SEIDENFELD, P.J., and BARRY, McNAMARA, and WEBBER, JJ., concur.