SQUARE D COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Doris Durso, Appellee).

First District (Industrial Commission Division)   No. 1—89—2197WC

Opinion filed September 21, 1990.

Roddy, Power & Leahy, Ltd., of Chicago (John H. Guill and Robert J. Doherty, Jr., of counsel), for appellant.

Cohn, Lambert, Ryan, Schneider & Harman, Ltd., of Chicago (Stanford L. Lambert, of counsel), for appellee.

JUSTICE WOODWARD delivered the opinion of the court:

Respondent, Square D Company, appeals from an order of the circuit court of Cook County which confirmed the Industrial Commission's (Commission's) award to claimant, Doris Durso. Employer raises one issue on appeal, namely, the Commission's decision contained no specific findings of fact and conclusions of law as required by section 19(e) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(e)).

In claimant's application for adjustment of claim she alleged that while working for employer on April 10, 1985, she suffered injuries to her lower back and leg, assembling an APA panel. On September 22, 1986, this case was heard before an arbitrator. After hearing all of the testimony and reviewing all of the evidence presented at arbitration, the arbitrator found that an employee-employer relationship existed between respondent and claimant and that respondent was operating under and subject to the provisions of the Act; that claimant was entitled to medical expenses of $18,293.78 based upon the testimony of Dr. Carson and the records of Humana Hospital; that petitioner was temporarily totally disabled from April 10, 1985, to September 26, 1986, based upon the testimony of claimant and Dr. Carson; that claimant was not entitled to penalties and attorney fees based upon the testimony of Cheryl Hoiseth, respondent's rehabilitation counselor, and Dr. Wasserman. The arbitrator found that claimant was entitled to a period of 75 6/7 weeks of temporary total disability (TTD) payments.

The Commission issued a preliminary decision on review wherein it stated that "the Decision of the Arbitrator is Modified: T.T.D. on Review from 9-23-86 to 8-27-87." The remainder of the arbitrator's decision was affirmed. Respondent filed a request for full written decision, which the Commission issued on August 18, 1988. In this decision, the Commission entered an order for temporary total compensation of 123 weeks at $256.01 and medical bills of $18,293.78. It remanded the cause to the arbitrator for further proceedings. As the

basis of its reasoning in this decision, the Commission stated that it had "considered the entire record." Respondent filed its appeal to the circuit court of Cook County, which confirmed the Commission's award, and this appeal followed.

■ Respondent argues that section 19(e) of the Act compels the Commission to set forth specific findings of fact and conclusions of law. The statute reads in relevant part:

> "At the request of either party or on its own motion, the Commission shall set forth in writing the reasons for the decision, including findings of fact and conclusions of law separately stated. *** The Commission may adopt in whole or in part, the decision of the arbitrator as the decision of the Commission. When the Commission does so adopt the decision of the arbitrator, it shall do so by order. Whenever the Commission adopts part of the arbitrator's decision, but not all, it shall include in the order the reasons for not adopting all of the arbitrator's decision." Ill. Rev. Stat. 1987, ch. 48, par. 138.19(e).

A number of cases, while not directly on point, indicate how courts of review have dealt with similar issues. In *Guardian Electric Manufacturing Co. v. Industrial Comm'n* (1973), 53 Ill. 2d 530, employer argued that the circuit court erred in refusing to hold the Commission's failure to find specifically on all questions of law and fact was an abuse of discretion and a violation of employer's due process and equal-protection rights. At the time *Guardian* was decided, section 19(e) provided that the Commission could, *in its discretion*, find specifically upon questions of fact and law submitted to it. The *Guardian* court held that the Commission had not abused its discretion in failing to find specific questions of law and fact, the court reasoned that the arbitrator, whose decision was confirmed by the Commission and constituted its decision, in effect, had made findings sufficient to support the Commission's decision.

■ In *Great Plains Gas Co. v. Industrial Comm'n* (1984), 101 Ill. 2d 122, respondent contended that the Commission's omission of any conclusions of law in its decision amounted to a failure to comply with its statutory duty. Claimant responded by asserting that the Commission might have determined that there were no questions of law to be decided other than those answered implicitly by the Commission's decision that petitioner's injuries were compensable under section 8(d)(2). (*Great Plains*, 101 Ill. 2d at 127-28.) The *Great Plains* court found that, on the record before it, the failure of the Commission to state a separate conclusion of law did not require the decision to be set aside. Both *Great Plains* and *Guardian Electric Manufacturing*

lend support to the proposition that the Commission's failure to state specific findings of fact and conclusions of law does not always necessitate the setting aside of its decision.

Further, claimant argues that the arbitrator cited specific testimony to support each of her conclusions. Claimant points out that the Commission's decision, which affirmed most of the arbitrator's decision, provides an explanation for the single change, namely, the extension of TTD benefits from $75^{6}/_{7}$ weeks to 123 weeks (April 10, 1985, to August 21, 1987). This change was based on progress notes written by Dr. Irwin Carlson, claimant's orthopedic surgeon, submitted at the hearing in review. Dr. Carlson had last seen claimant on August 21, 1987, at which time he found her still disabled.

■ On the record before us, we find that the Commission implicitly adopted the arbitrator's findings of fact and conclusions of law. The arbitrator addressed each of the issues, namely, causal relation, TTD, medical expenses, and penalties. The arbitrator made findings of fact and conclusions of law with regard to each issue, with the exception of the penalties and attorney fees issue, which did not require a conclusion of law due to the finding of fact which found that claimant was entitled to neither. The Commission's statement, that it had considered the entire record before it, implies that it adopted the arbitrator's findings of fact and conclusions of law, with the exception of extending the TTD benefit period from $75^{6}/_{7}$ weeks to 123 weeks, based upon Dr. Carlson's progress note dated August 21, 1987.

We conclude that the Commission met the statutory requirements delineated in section 19(e) of the Act. (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(e).) In so holding, we suggest that in the future, the Commission, when adopting the arbitrator's findings of fact and conclusions of law, *explicitly state* as much in order to obviate the need for this type of appeal.

We affirm the circuit court's order confirming the Commission's decision.

Affirmed.

BARRY, P.J., and McNAMARA, McCULLOUGH, and LEWIS, JJ., concur.