(No. 30274.

CHICAGO, WILMINGTON & FRANKLIN COAL COMPANY, Defendant in Error, vs. THE INDUSTRIAL COMMISSION *et al.*—(PETE SARAPIN, Plaintiff in error.)

*Opinion filed January 22, 1948.*

M. J. HANAGAN, of West Frankfort, for plaintiff in error.

WILLIAMS & HARRISON, of Benton, for defendant in error.

Mr. JUSTICE WILSON delivered the opinion of the court:

Pete Sarapin suffered an accidental injury on March 1, 1944, arising out of and in the course of his employment. The only question presented by his application for adjustment of compensation with the Industrial Commission was the nature and extent of the injury. An arbitrator found that he had sustained a one hundred per cent permanent loss of use, by amputation, of the first, or index, finger of the right hand and awarded the maximum amount of

compensation, conformably to section 8(e)7 of the Workmen's Compensation Act. (Ill. Rev. Stat. 1947, chap. 48, par. 145.) On review, the Industrial Commission sustained the award of the arbitrator. The circuit court of Williamson County set aside the decision and award of the commission, found that Sarapin sustained only fifty per cent loss of use of the first finger of his right hand, and awarded compensation accordingly. We have granted the employee's petition for writ of error for a further review.

The injury suffered by Sarapin was confined to the first, or distal, phalange of the index finger of the right hand but resulted not only in the complete loss by amputation of the first phalange but also a part of the second, or middle, phalange. The condyles and approximately one-eighth of an inch of bone were removed from the second phalange, with a resultant limitation in the proximal joint of this phalange. Condyles are broader than the rest of the finger and constitute an irregular protuberance at the end of the bone. The physician and surgeon testifying in behalf of Sarapin stated that an examination revealed an amputation of the right index finger immediately behind the distal phalangeal joint, a well-healed stump with a good cushion, slight tenderness at the tip and some slight restriction of flexion in the joint just proximal to the end of the stump. An X-ray picture of the right hand, according to this witness, showed the entire distal phalange removed and the middle phalange rounded off just behind the condyles. The medical witness testified, further, that stumps are not satisfactory where there is a disarticulation and the condyles are left, and that good surgery requires a rounding off of the condyles to give a good stump, even though the injury be confined to the distal phalange. The attending physician and surgeon testified that he amputated through the distal end of the middle phalange of the right index finger rather than at the joint in order to obtain a better and narrower amputation stump and because the patient usually complains

of less tenderness in the stump, and that he removed the condyles on the tip end of the middle phalange, observing, "In other words, it is. better to go back and take the condyles or remove the middle phalange than it is to try to go through the joint."

The employer concedes that Sarapin is entitled to an award for fifty per cent loss by amputation of his index finger of the right hand, namely, compensation benefits amounting to fifty per cent of his average weekly wage for twenty weeks. The employee contends, on the other hand, that he is entitled to an award for one hundred per cent loss by amputation of the entire finger, or compensation at the rate of fifty per cent of his average weekly wage during forty weeks. Subparagraph 2 of section 8(e) of the Workmen's Compensation Act, as it obtained on March 1, 1944, the date of Sarapin's injury, (Ill. Rev. Stat. 1943, chap. 48, par. 145,) provided: "The amount of compensation which shall be paid to the employee for an injury not resulting in death shall be: * * * (e) * * * 2. For the loss of a first finger, commonly called the index finger, or the permanent and complete loss of its use, fifty percentum of the average weekly wage during forty weeks." Subparagraphs 6 and 7 provided, further, "6. The loss of the first phalange of the thumb or of any finger, shall be considered to be equal to the loss of one-half of such thumb or finger and compensation shall be one-half the amount above specified. 7. The loss of more than one phalange shall be considered as the loss of the entire finger or thumb; provided, however, that in no case shall the amount received for more than one finger exceed the amount provided in this schedule for the loss of a hand."

Uncontroverted evidence discloses an injury to, and amputation of, the first phalange of the injured employee's finger. The narrow question presented is whether the evidence adduced discloses the loss, or the permanent and complete loss of use, of a second phalange, within the con-

templation of the statute. The applicable portion of section 8 of the Workmen's Compensation Act reflects the legislative intent to award compensation where an employee sustains a loss of more than one phalange. The plain meaning of the statute is that the loss, or the permanent and complete loss of use, of two or more phalanges, or a substantial portion of the second phalange, is a prerequisite to an award for one hundred per cent loss by amputation of a finger. To entitle a claimant to an award for the loss of a finger where he has suffered the loss of the first phalange and a partial loss of the second phalange, the loss, or the loss of use, of the second phalange must be substantial in character. Whether the particular loss sustained by Sarapin constitutes the loss, or the loss of use, of a substantial portion of this phalange is essentially a question of fact to be determined by the Industrial Commission. The surgeon, in the exercise of a sound medical discretion, amputated the finger at a point behind the second joint. Admittedly, the employee suffered the loss of a part of the second phalange. That this loss occurred because good surgery and scientific technique required the removal by amputation of more than the first phalange is beside the point. The irrefutable fact remains that the employer's physician and surgeon saw fit to remove a part of the second phalange as well as the entire first phalange. Competent evidence establishes that the employee sustained the complete loss of the first phalange and, in addition, the condyles on the second phalange were removed, a portion, estimated at one-eighth inch, of the second phalange was also removed, and the proximal joint was limited in motion. Under these circumstances, it cannot be said that the decision of the Industrial Commission sustaining the arbitrator's award was against the manifest weight of the evidence. For all practical purposes, Sarapin has suffered the complete loss of use of his right index finger. It is the province of the Industrial Commission to draw reasonable

conclusions and inferences from evidentiary facts, and courts are not privileged to set aside a decision of the commission on a finding of fact unless its decision is manifestly against the weight of the evidence. (*J. I. Case Co. v. Industrial Com.* 378 Ill. 132; *Hansell-Elcock Co.* v. *Industrial Com.* 376 Ill. 151; *Macon County Coal Co.* v. *Industrial Com.* 367 Ill. 458.) The decision of the Industrial Commission that Sarapin was entitled to compensation benefits for one hundred per cent loss of use, by amputation, of the right index finger should not have been disturbed.

The judgment of the circuit court of Williamson County is reversed and the award of the Industrial Commission is confirmed.

*Judgment reversed; award confirmed.*