(No. 4281- )

CHARLES K. MOTZ, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 19, 1950.*

GORDON E. WINDERS, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Charles K. Motz, proceeds under the Workmen's Compensation Act to recover from respondent for the loss of his right thumb, as a result of an accident which arose out of and in the course of his employment as highway section man's helper in the Division of Highways, Department of Public Works and Buildings.

On April 18, 1949, claimant and his immediate superior were unable to start the truck assigned to them, which truck was stored at a leased lot in Wataga, Knox County, Illinois. So that work could be done on the motor, the hood was removed. While replacing the hood, it slipped, and caught claimant's right thumb between it and the truck body.

Although his thumb pained him, claimant worked two days, but then saw a doctor who, by X-Rays, discovered a dislocation and fracture of the distal phalange. Between the time of the injury and the first examination of the thumb by a doctor, a traumatic arterial occlusion or thrombosis developed with gangrene in the distal phalange. Although efforts were made to save the thumb,

not only the distal phalange but also the proximal pha-
langes became seriously damaged by the gangrene, espe-
cially the tendon structures, and the soft and surround-
ing tissues. It became necessary to amputate the thumb
on May 21, 1949, leaving approximately one-half to one-
third of the proximal phalange.

No jurisdictional questions are involved, and re-
spondent has paid for all medical treatment and hospital-
ization required.

In 1947, Section 8 (e) (6) of the Workmen's Com-
pensation Act was amended to read as follows:

"The loss of the first or distal phalanx of the thumb or of any finger
shall be considered to be equal to the loss of one-half of such thumb or finger
and the compensation payable shall be one-half of the amount above specified;
provided that the amputation of the entire distal phalanx of a thumb or finger
proximal to the distal joint at the reasonable point of election for amputation
of such phalanx shall be considered to be the loss of one phalanx only."

Such amendment apparently negatives the effect of
*Chicago, Wilmington & Franklin Coal Co.* v. *Ind. Com.*,
399 Ill. 76, which was based on the section as it read prior
to the 1947 amendment.

Respondent apparently predicated its defense on the
above quoted section, but the testimony of respondent's
doctor, and X-Rays introduced in evidence rendered such
section inapplicable. The point of election for amputa-
tion was made not for the purpose of determining where
the distal phalange should be severed, but where the
proximal phalange should be severed to leave the re-
mainder of the thumb unaffected by gangrene. Claimant
lost by amputation not only the distal phalange, but also
the proximal phalange, and is, therefore, entitled to an
award under Section 8 (e) (1) (7) for the permanent and
complete loss of his right thumb. This case is very close
on the facts with *Aeschleman* v. *State,* No. 4153, opinion

filed July 8, 1949, and we follow such case in holding claimant is entitled to an award.

On the date of his accident claimant was 64 years of age, married, but had no children under 16 years of age dependent upon him for support.

. In the year prior to his accident, claimant earned from respondent $2,160.00, and his rate of compensation is, therefore, $19.50 per week.

Claimant was totally disabled from April 20 to and including June 26, 1949, or nine and five-sevenths weeks. For the period of temporary total disability claimant was paid $276.14 when he should have been paid only $189.43. He was thus overpaid $86.71.

Martha M. Tracy, Galesburg, Illinois, was employed to take and transcribe the testimony before Commissioner Wise. Her charges amounting to $19.50 are fair and reasonable, and an award is entered in her favor for such amount.

An award is entered in favor of claimant, Charles K. Motz, under Section 8 (e) (1) (7) of the Workmen's Compensation Act for 70 weeks at $19.50 for the complete and permanent loss of his right thumb in the amount of $1,365.00, from which should be deducted the overpayment of $86.71, leaving a net award of $1,278.29, all of which has accrued and is payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."