(No. 42086.—

MARION LEWANDOWSKI, Appellee, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(United States Steel Corporation, Appellant.)

*Opinion filed Dec. 19, 1969.—Rehearing denied Jan. 26, 1970.*

HACKBERT, ROOKS, PITTS, FULLAGAR AND POUST, of Chicago, (DOUGLAS F. STEVENSON, DANIEL P. SOCHA, and STEPHEN E. SWARD, of counsel,) for appellant.

KLEIMAN, CORNFIELD & FELDMAN, of Chicago, (ALTON SHARPE, JASON GESMER, and RAYMOND WHITNEY, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The Industrial Commission reversed the decision of an arbitrator and denied the claimant, Marion Lewandowski, compensation for the permanent partial loss of use of his right arm caused by an accident arising out of and in the course of his employment with the respondent, United States Steel Corporation. The circuit court of Cook County

reversed the decision of the Commission and reinstated the award of the arbitrator, and the respondent has appealed.

The claimant was employed by the respondent as a carpenter. On October 26, 1964, while removing a wooden form from inside a steel furnace, he fell backward onto a wooden scaffold. His right side landed on a four-by-four piece of wood which was on the scaffold, and the form that he was removing, which weighed three to five hundred pounds, fell on his chest. After he was pulled from the furnace, a doctor on the premises took five X rays and told him to return to work. He did light work for the next two days and was then sent to the hospital where more X rays were taken and it was determined that he had fractured two ribs. He was off work for a total of six and two-sevenths weeks for which temporary compensation was paid. Subsequently he was examined by Dr. Herbert Kahn on August 17, 1965, and by Dr. H. Chwatal for the company on June 7, 1966.

The record shows that the claimant's testimony before the arbitrator was marked by a pronounced difficulty with the English language. He testified that he has had pain in his right side and arm since the accident, and that his right hand sometimes felt "sleepy" and was weaker than it was before the accident. He also offered in evidence the report of Dr. Kahn which stated that X rays showed "fracture and fracture changes at the eighth and ninth lateral right ribs," and that a physical examination showed "spasm and tenderness at the eighth and ninth anterolateral ribs on palpation and on motion of the right arm, especially in extremes of abduction." The respondent offered in evidence the report of Dr. Chwatal which stated that an "X-ray taken of the right ribs reveals changes through the anterior portion of the 7th and 8th ribs consistent with well healed fractures." Dr. Chwatal's examination showed "full range of motion in all the joints of both upper extremities," and that "reflexes in the upper extremities are normal."

On the issue of permanent disability of the right arm, the arbitrator determined that the claimant should receive $52 per week for 23½ weeks because "the injuries sustained caused the complete and permanent loss of use of the right arm to the extent of 10% thereof." The Commission reversed, holding that the claimant "failed in the burden of proof to establish that he sustained any permanent disability as a result of the aforesaid accidental injuries." The circuit court reversed the Commission and reinstated the award of the arbitrator.

We have often held that questions of fact are primarily for the Commission to decide and that its findings will only be disturbed on judicial review if they are against the manifest weight of the evidence. (*Oros* v. *Industrial Com.* (1967), 37 Ill.2d 568, 571; *Johnson & Johnson* v. *Industrial Com.* (1965), 32 Ill.2d 316, 320.) The question presented in this case is whether the decision of the Commission was against the manifest weight of the evidence so that the circuit court was correct in reversing that decision and reinstating the award of the arbitrator. We think that it was.

In addition to his own testimony as to the pain and loss of strength in his arm, the claimant introduced the report of Dr. Kahn which stated that two ribs on the right side had been fractured and that "motion of the right arm, especially in extremes of abduction" caused spasm and tenderness at those ribs. The employer introduced no evidence that contradicted the claimant's. Dr. Chwatal's report agreed that two ribs had been fractured although it disputed which ribs those were. Although it stated that the range of motion and reflexes in the upper extremities were normal, the report made no statement that pain and loss of strength would be inconsistent with normal motion and reflexes. (*Cooper* v. *Industrial Com.* (1965), 33 Ill.2d 477.) Moreover, in view of the claimant's language difficulty, the arbitrator was in a better position to evaluate his testimony than was the Commission. The arbitrator's decision is not without legal

effect and can be relied upon by the circuit court in entering a judgment when the decision of the Commission is against the manifest weight of the evidence. *Hendren* v. *Industrial Com.* (1960), 19 Ill.2d 44, 49.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*