GUY JOHNSTON CONSTRUCTION CO., Employer-Appellant,

v.

David KENNEDY, Employee-Appellee.

Supreme Court of Delaware.

Jan. 20, 1972.

---

Howard M. Berg and William J. Taylor, III, of Berg & Taylor, Wilmington, for employer-appellant.

Oliver V. Suddard, Wilmington, for employee-appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

This appeal has been filed by Guy Johnston Construction Co. from the affirmance by the Superior Court of an award by the Industrial Accident Board to the appellee, David Kennedy. The issue is simply whether the appellee is entitled to compensation under the Workmen's Compensation Act for permanent loss of sexual use of his sexual organ.

The award was based upon 19 Del.C. § 2326(g), which reads as follows:

"(g) The Board shall award proper and equitable compensation for the loss of any member or part of the body or loss of use of any member or part of the body up to 300 weeks which shall be paid at the rate of 66⅔ per centum of his weekly wages, but no compensation shall be awarded when such loss was caused by the loss of or the loss of use of a member of the body for which compensation payments are already provided by the terms of this section."

The appellee, while working for the appellant, fell while walking on a catwalk and landed astraddle the end of a 2 x 4 board which was implanted perpendicularly to the ground. He then fell backwards on some steel rods. He sustained injuries to his back and pelvic area. According to the medical testimony and findings of the Board, he has suffered a permanent complete loss of the ability to engage in sexual relations. He also has recurring urinary problems. The Board's award was based upon its finding that he has a 50% loss of use of this part of the body; the award was approved by the Superior Court on appeal. The appellant does not now question the amount of the award, but does object to any allowance under the quoted section.

Appellant's brief contains a suggestion that the appellee's sexual difficulties may be psychological rather than physical. This suggestion is contrary to the medical testimony and the Board's finding. In our opinion, that finding is strengthened rather than weakened by the fact that aphrodisiacs, prescribed by the doctor, failed to help the situation.

In Alloy Surfaces Company v. Cicamore, Del.Supr., 221 A.2d 480 (1966), we approved an award under § 2326(g) for the loss of all teeth; we pointed out that actual earning capacity is not a matter for consideration under that section. In Burton Transportation Center, Inc. v. Willoughby, Del.Supr., 265 A.2d 22 (1970), we held that the term "part of the body" is intended to refer to some specific identifiable member or organ of the body, and does not include a general condition of psychosis or neurosis. Appellant here contends that the present case should be governed by *Willoughby* rather than *Cicamore*. We disagree.

Appellant argues that an award may not be made under § 2326(g) for the loss, or loss of use, of a member of the body unless it be shown that it has, in fact, adversely affected the claimant's earning capacity. This argument ignores what we said in *Willoughby*, i.e., that awards for these "so-called scheduled injuries and disfigurements are . . . actually legislative recognitions that certain types of injuries, per se, are presumed to affect ad-

versely a man's earning capacity." In such instances, once the loss has been established, the Board's function is to determine "proper and equitable compensation" therefor within the maximum limits permitted by the subsection.

In our opinion, the present case is clearly governed by the *Cicamore* decision. The sexual organ is a specific identifiable member or organ of the body, and loss of its use is compensable under subsection (g).

We accordingly affirm.