(No. 44562.— )

M. L. SMALLWOOD, Appellee, v. THE INDUSTRIAL COMMISSION *et al.*—(The City of Chicago, Appellant.)

*Opinion filed November 30, 1972.*

RICHARD L. CURRY, Corporation Counsel, of Chicago (WILLIAM R. QUINLAN and MARSILE J. HUGHES, Assistant Corporation Counsel, of counsel), for appellant.

COHN, COHN & LAMBERT, of Chicago (SAMUEL L. BULLAS, PETER B. CAREY and KATHRYN S. BIGLEY, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The Industrial Commission reversed the decision of an arbitrator and denied the claimant, Matthew Smallwood, compensation for permanent and total disability alleged to have been caused by an accident which occurred in the course of his employment by the respondent, the City of Chicago, in its Bureau of Sanitation. The circuit court of

Cook County reversed the decision of the Commission and reinstated the award of the arbitrator, and the respondent has appealed.

The claimant, 48 years old, was employed as a maintenance man, and on December 20, 1966, he was assisting in loading a truck with ash from an incinerator when the conveyor which brought the ash from the incinerator to the truck became overloaded. It was then necessary to shovel the ash manually out of the channel located beneath the incinerator. The claimant and two other employees went down into the channel wearing hip boots and shoveled the wet sludge onto the conveyor belt above them. The claimant did this from 7:00 in the morning, with one break, until about 12:30 in the afternoon. At that time he felt a sudden sharp pain in his left chest, radiating down his left arm. He dropped his shovel and fell over into the channel. He was carried out of the channel by his two co-workers. His superiors sent him to see the city physician, who advised him to see his own doctor. He was subsequently examined by several physicians, and upon their advice he retired in February of 1967.

In hearings before the arbitrator the claimant testified that he has felt weak and tired since the accident of December 20, 1966, but that he had not felt such pain or weakness prior to that time. He further stated that he has not engaged in physical labor or held a job since February of 1967, though he occasionally receives some compensation for services as a preacher.

Dr. Cunningham, an internist and cardiologist, testified that he had first examined the claimant in February of 1967, and in May of 1967 referred him to the Mandel Clinic of Michael Reese Hospital for a full series of tests. Although claimant's electrocardiogram was basically normal, Dr. Cunningham diagnosed his condition as either Pickwickian syndrome or a coronary artery disease.

Because of the claimant's extreme obesity (his weight fluctuated between 240 and 295 pounds though his height was only 5 feet 5 inches), Dr. Cunningham also suspected an underactive thyroid condition. He stated that in his opinion a direct causal connection existed between the heavy physical work done by the claimant, particularly the stress of work on December 20, 1966, and the claimant's cardiological condition.

Dr. Giganti, an internist and cardiologist, examined the claimant at the request of the respondent, nearly two years after the accident. He generally concurred in Dr. Cunningham's diagnosis, though he based his opinion solely on the claimant's history, since he did not find anything clinically wrong. He was of the opinion that the claimant's obesity was the basic underlying cause of his condition. He said, however, that the claimant could never return to work and that the type of physical labor he had been engaged in could cause some pain, and if persisted in could cause serious consequences.

The arbitrator awarded the claimant permanent disability benefits under the Illinois Workmen's Compensation Act. The Commission heard further testimony on review. Dr. Glickman, an internist, examined the claimant in May of 1969. At that time he diagnosed the claimant's condition as arteriosclerotic heart disease and coronary insufficiency. It was his opinion that such a condition is permanent. While the claimant's manual labor was not, in Dr. Glickman's opinion, the primary cause of the condition, he thought that the labor had seriously aggravated the condition.

Dr. Mustell, who served on the medical board of the City Municipal Employee Labor and Retirement Board, and also on the Pension Board, was not an internist or a cardiologist. He had examined the claimant in May of 1967, and it was his belief that the entire problem was due to a thyroid condition. He testified that his report to the

retirement board, recommending ordinary disability benefits, did not contemplate any heart condition. He further testified that the purpose of his examination of the claimant was limited to determining the claimant's eligibility for ordinary disability benefits.

The Commission set aside the arbitrator's award, holding "that the said petitioner failed to prove by the preponderance of the evidence that any causal relationship existed between the condition of ill-being complained of and the aforesaid accident." The circuit court reversed the Commission and reinstated the award of the arbitrator.

It has often been held that "questions of fact are primarily for the Commission to decide and that its findings will only be disturbed on judicial review if they are against the manifest weight of the evidence. [Citations.]" (*Lewandowski v. Industrial Com. (1969), 44 Ill.2d 204, 206.*) The question presented in this case is whether the decision of the Commission was against the manifest weight of the evidence, as the circuit court held. We agree that it was.

In *Kerz v. Industrial Com. (1972), 51 Ill.2d 319, 322,* we stated: "We have held that an employee who suffers a heart attack while at work will be compensated if a causal relationship exists between the attack and his employment (*Laclede Steel Co. v. Industrial Com. (1955), 6 Ill.2d 296.*) In *Republic Steel Corp. v. Industrial Com. (1962), 26 Ill.2d 32, 45,* we stated, 'He [the employee] need not prove it [his employment] was the sole causative factor nor even that it was the principal causative factor, but only that it was *a* causative factor in the resulting injury.' "

The evidence offered by the respondent does not negate the proposition that the heavy manual labor performed by the claimant on December 20, 1966, was a causative factor in his condition. Dr. Giganti said that in his opinion there is medically "a little ambiguity" concerning a causal relationship between the claimant's

condition, the accident of December 20, 1966, and the strain of the manual labor performed on that date. On the whole, his testimony was inconclusive. The testimony of Dr. Mustell, whose diagnosis was the result of an admittedly cursory examination, who was not an internist or cardiologist, and who specifically disclaimed any knowledge concerning a heart condition one way or the other, is insufficient to sustain the Commission's findings.

The respondent's additional contention that the record fails to show that the claimant is totally disabled because he derives some income from preaching is without merit.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*