(No. 46001.—

GERALD COSSIDENT, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Zenith Radio Corp., Appellee.)

*Opinion filed March 29, 1974.*

34

Vitell, Vitell and Fanelli, of Chicago (Scott J. Vitell, of counsel), for appellant.

Burgeson, Laughlin, Cunningham & Smith, of Chicago (Forrest D. Serblin, of counsel), for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

The claimant, Gerald Cossident, has appealed under our Rule 302(a) (50 Ill.2d R. 302(a)), from a judgment of the circuit court of Cook County, which affirmed a decision of the Industrial Commission holding that he had not established his claim of disability under the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, par. 138.1 *et seq.*).

An arbitrator of the Commission found that the

claimant, an employee of Zenith Radio Corporation, the respondent, had sustained accidental injuries arising out of and in the course of employment and entered an award for total temporary compensation and for a 15% permanent loss of the use of his left arm. On review, the Industrial Commission reversed the arbitrator and found that there was no causal connection between the claimant's employment and his injury. On *certiorari* the circuit court of Cook County affirmed the Commission's decision.

Was the finding of the Commission contrary to the manifest weight of the evidence is the question before us.

Gerald Cossident was employed as a safety engineer. His duties included the investigation of accidents and unsafe conditions at the plant. On January 9, 1970, the safety director of the respondent and the claimant's supervisor, Edward Taylor, phoned and told the claimant there was a shock victim in Plant 6 and directed him "to hurry over" to the medical department in Plant 6 and investigate the incident. At the time, the claimant was at the far end of Plant "One," which meant he had to cross the width of Plant "One," proceed through a tunnel that connected Plant "One" and Plant 6, and cross part of the width of Plant 6 to reach the victim. The distance the claimant had to travel, he testified, was approximately 4 city blocks. He said he ran the entire distance to Plant 6 and after interviewing the victim for a few minutes experienced severe pain in his left arm and chest and he became dizzy. Two nurses told him to lie down and rest. After resting for 10 minutes he completed the interview. He then left the medical department and conferred with the plant engineer, which required him to walk up a flight of stairs. When he walked back down the stairs he again experienced pain in his chest, shortness of breath, dizziness and nausea. He returned to the medical department, where he again was told to lie down. After resting for a time, John Hlavacek, a supervisor in the safety department, drove the claimant home.

The next day the claimant was examined by Dr. Allen Malnak and was admitted to Gottlieb Memorial Hospital, where he was treated for an acute myocardial infarction. He remained in the hospital for 35 days and was released on February 13. However, he was rehospitalized on February 19 for additional treatment and remained in the hospital an additional 19 days. The claimant did not return to the respondent's employment. The claimant testified that prior to January 9, 1970, he had not suffered from any chest pains, pains in his arm, dizziness or shortness of breath.

Allen Hlavacek, plant safety manager for the respondent, testified as a witness in behalf of the company. He said the distance the claimant had to travel to reach Plant 6 was about 2 blocks and not 4 as the claimant had testified. He also said that when he drove the claimant home on January 9, he did not complain of pain or show any shortness of breath.

John Feeley, the supervisor of the respondent's employee-insurance department, produced an insurance claim form relating to the claimant's illness which had been signed by Dr. Malnak. The physician had answered "no" to the question, "Is injury or illness due directly to patient's employment."

Dr. Herbert Kahn, a specialist in internal medicine, testified that he had examined the claimant on July 21, 1971, and said that the claimant had a coronary insufficiency. It was a condition which probably pre-existed the incident of January 9, 1970. Such a condition could be aggravated, he testified, by even moderate physical or psychological strain. Dr. Kahn stated in response to a hypothetical question that the incident here could have aggravated or accelerated the condition from which the claimant suffered. No expert medical testimony was presented by the respondent.

While questions of fact are primarily for the Commission to decide, findings by the Commission will be set

aside if they are against the manifest weight of the evidence. *Kerz v. Industrial Com.*, 51 Ill.2d 319, 322; *Leason v. Industrial Com.*, 55 Ill.2d 486, 493.

That an employee may have suffered from a pre-existing condition will not of itself preclude an award under the Act. (*Rock Road Construction Co. v. Industrial Com.*, 37 Ill.2d 123, 128; *Clifford-Jacobs Forging Co. v. Industrial Com.*, 19 Ill.2d 236, 244.) We said in *Corn Products Co. v. Industrial Com.*, 51 Ill.2d 338, 340: "An employee is entitled to recover for all the consequences attributable to an aggravation of a pre-existing condition." (See also *Proctor Community Hospital v. Industrial Com.*, 41 Ill.2d 537, 542-543.) "We have held that an employee who suffers a heart attack while at work will be compensated if a causal relationship exists between the attack and his employment." (*Kerz v. Industrial Com.*, 51 Ill.2d 319, 322; *Smallwood v. Industrial Com.*, 53 Ill.2d 151, 155.) In *Republic Steel Corp. v. Industrial Com.*, 26 Ill.2d 32, 45, it was said: "He [the employee] need not prove it [his employment] was the sole causative factor nor even that it was the principal causative factor, but only that it was *a* causative factor in the resulting injury."

Considering these holdings we cannot affirm the circuit court's judgment.

The evidence before the Commission included that of the claimant running some blocks from Plant "One" to Plant 6. He was reporting to Plant 6 at the direction of his superior, the safety director. Almost immediately after the exertion of running he experienced classical symptoms of heart attack. They seemingly passed but recurred after the claimant resumed physical activity. Prior to this, the claimant, 39 years of age, had been in good health and had never had symptoms of a heart condition, such as chest pains or shortness of breath. The claimant was hospitalized 54 days while receiving treatment for an acute myocardial infarction. The internist, Dr. Kahn, testified that the claimant probably had a pre-existing coronary insuf-

ficiency which could have been aggravated by even moderate physical or psychological strain. There was no contrary medical evidence offered by the respondent. We consider that the Commission's finding that there was no causal relation shown between the claimant's employment and his attack was contrary to the manifest weight of the evidence.

We are not persuaded by the respondent's contention that the employee's claim under the Act was contradicted by a notation appearing on a group-insurance claim form apparently filed by the claimant. Dr. Malnak had answered "no" to a question appearing on the form, "Is injury or illness due directly to patient's employment." The response "no" was not that of the claimant but of Dr. Malnak and would not under the circumstances appearing here be admissible against the claimant. It might be added that the respondent could have secured the testimony of Dr. Malnak at the hearing had the respondent deemed his testimony would have supported its position. Dr. Malnak was not called.

For the reasons given, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for further proceedings in accordance with the views expressed herein.

*Reversed and remanded.*