A. O. SMITH CORPORATION, Appellee, v. THE INDUS-
TRIAL COMMISSION *et al.*—(William Grant Akers,
Appellant.)

*Opinion filed Nov. 30, 1977.—Rehearing denied Jan. 26, 1978.*

Harold A. Katz, Irving M. Friedman, Jerome Schur, Warren E. Eagle and Thomas R. Lichten, of Chicago (Katz & Friedman, of counsel), for appellant.

Eric Robertson, of Lueders, Robertson & Konzen, of Granite City, for appellee.

MR. JUSTICE DOOLEY delivered the opinion of the court:

In this workmen's compensation case the Industrial Commission found that the claimant had sustained an actual injury resulting in permanent and complete loss of both testicles. The circuit court of Madison County set aside the award.

It appears that on September 24, 1973, while leaning

over a table approximately 30 inches high inspecting parts, a box fell on claimant's penis, crushing the organ between the box and the table. Claimant, 60 years of age and the natural father of three children, has not been able to have intercourse since the occurrence. The penis swells and causes much pain when the sexual act is attempted. Prior to this occurrence he had no problems related to this organ and stated that he had marital relations two or three times weekly.

Dr. Louis Kappel, to whom his employer sent claimant on October 25, 1973, found an area of induration on the ventral area of the corpus cavernosa, cylindrical columns of erectile tissues which are part of the basic structure of the organ. This condition is commonly known as Peyronie's disease. While its exact etiology is unknown, injury is a recognized cause. Dr. Charles Nicolai, on behalf of respondent, stated that in his examination of October 11, 1973, the organ had a scar plaque on the dorsum of the base of the penis and a circumferential thickening of the entire circumference of Buck's fascia, possibly secondary to injury. The testicles were normal.

In reversing the Industrial Commission, the circuit court order read thus:

> "The record reveals that plaintiff sustained injury to his penis which has left a scar, but there is no evidence that the testicles were in any way involved, impaired or damaged by the accident, and the finding by the commission that the respondent suffered a complete and permanent loss of both testicles is against the manifest weight of the evidence."

Here the issue is whether in order to sustain an award for the loss of use of testicles, the damage must be to the testicles proper.

In *Northwestern Barb Wire Co. v. Industrial Com.* (1933), 353 Ill. 371, it appeared that the employee's clothing was caught in a revolving shaft. The testicles were torn out of the scrotum, but by means of skin grafting

were replaced. The worker experienced no sexual sensations thereafter and was without any normal desire for intercourse. There was testimony that the testicles would never be usable.

It was urged that there was no "loss" within the meaning of the Act since the testicles with their spermatic cords had been successfully grafted back into parts of the body.

This court held that no actual physical loss was requisite to sustain an award but that such occurs when the normal use of a member had been destroyed:

> "The incapacity to use need not be tantamount to an actual severance—it is enough if the normal use has been entirely taken away. (*Mark Manf. Co. v. Industrial Com.* 286 Ill. 620; *Ballou v. Industrial Com.* 296 id. 434.) The loss of a member is complete when its normal use has been taken away. (*Heaps v. Industrial Com.* 303 Ill. 443.) It would be unreasonable to suppose that the legislature intended a physical severance of the testicles before an employee could recover compensation for their loss, as a violent blow on one or both of them might render it or them as useless as if completely severed. In this case the testicles were not only lost from their usual and natural resting place and sewed up in separate compartments elsewhere, but were lost in the more serious sense that they never again could perform their normal function having to do with sexual intercourse and the propagation of offspring. Under any reasonable view, an injury to an employee under the Workmen's Compensation act which renders his testicles useless for the performance of their normal functions is compensable." *Northwestern Barb Wire Co. v. Industrial Com.* (1933), 353 Ill. 371, 374.

Consider *Moushon v. National Garages, Inc.* (1956), 9

Ill. 2d 407, a common law action wherein section 5(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1951, ch. 48, par. 138.5(a)) barred the claim. The plaintiff was injured at work and suffered a ruptured urethra, which rendered him impotent. He had pending a claim before the Industrial Commission in which the relief sought was for loss of use of both testicles. This court again noted that the Workmen's Compensation Act is not limited to the physical loss of these parts of the body but covers their loss of use:

"Actually, it is difficult to see that any defense could exist to a claim for compensation under section 8(e) as well. Since the amendatory act of 1951, the section is not limited to the loss of both testicles, but covers also their permanent and complete loss of use. Even prior to this amendment, this court held that the act did not require 'physical severance of the testicles' but included loss 'in the more serious sense that they never again could perform their normal function having to do with sexual intercourse and the propagation of offspring.' (*Northwestern Barb Wire Co. v. Industrial Com.* 353 Ill. 371.) This is precisely the injury which the plaintiff claims here. And that the Industrial Commission regards such an injury compensable as a loss of use of both testicles is indicated by its award in *Anderson Shumaker Co. v. Industrial Com.* No. 33564, in which we denied a writ of error at the March, 1955, term. In that case, as here, the injury consisted primarily of a ruptured urethra. See Gray, Attorney's Textbook of Medicine, vol. 3, sec. 301.07." 9 Ill. 2d 407, 410.

Certainly, there is no distinction between damage to the urethra and the type of injury sustained here. It therefore appears that in order to justify an award for the

loss of use of a part of the human body, recognized in the Workmen's Compensation Act, it suffices that the use of that particular organ has been impaired.

A similar situation is found in *Guy Johnston Construction Co. v. Kennedy* (Del. 1972), 287 A.2d 658. There the employee sustained injuries to his back and pelvic area, and the Industrial Commission found he had suffered a complete loss of the ability to engage in sexual relations. Under the Delaware workmen's compensation act, the Industrial Board shall award compensation "for the loss of any member or part of the body or loss of use of any member or part of the body (19 Del. C. sec. 2326(g))." (287 A.2d 658, 659.) This, of course, is more specific than our statute. The Delaware court concluded: "The sexual organ is a specific identifiable member or organ of the body, and loss of its use is compensable under subsection (g)." 287 A.2d 658, 660.

With reference to causal relationship between the injury and the condition complained of, it has long been established that proof of good health prior to the time of the injury and a subsequent condition of ill being involving injury to the affected area creates an issue of fact as to the causal relationship between the injury and the condition of the ill being in question. *Chicago Union Traction Co. v. May* (1906), 221 Ill. 530, 536; *Union Starch & Refining Co. v. Industrial Com.* (1967), 37 Ill. 2d 139, 143.

With reference to the permanent loss, it is true there was no expert evidence to that effect. However, the general rule is that direct expert evidence is not essential to establish the permanency or future effects of an injury. These conditions may be inferred from the nature of the injury alone. (*Daniels v. Bloomquist* (1965), 258 Iowa 301, 309, 138 N.W.2d 868, 873; 25A C.J.S. *Damages* sec. 162(9) (1966).) Here, this was an issue of fact to be determined by the Industrial Commission.

Our role, as well as that of the circuit court, is

circumscribed in these cases. The factual determination of the Industrial Commission regarding the nature and the extent of the disability will not be set aside unless it is contrary to the manifest weight of the evidence. We have repeatedly announced it is the province of the Industrial Commission to draw reasonable inferences from the evidence. Simply because a court may draw different inferences does not mean its resolution will be overturned. It is only when that resolution is contrary to the manifest weight of the evidence that we shall interfere. *Chicago Transit Authority v. Industrial Com.* (1975), 61 Ill. 2d 78, 85; *Cossident v. Industrial Com.* (1975), 57 Ill. 2d 33, 36-37; *Village of Streamwood Police Department v. Industrial Com.* (1974), 57 Ill. 2d 345, 350.

We do not believe that the award of the Commission is contrary to the manifest weight of the evidence. Accordingly, the judgment of the circuit court of Madison County is reversed and the award reinstated.

*Judgment reversed;*
*award reinstated.*