(No. 52251.—

OSCAR MAYER & CO., Appellee, v. THE INDUSTRIAL
COMMISSION *et al.* (Paul Winkleman, Appellant).

*Opinion filed March 21, 1980.*

Calandrino, Logan & Robeson, of Springfield (J. Jay Robeson, of counsel), for appellant.

Rammelkamp, Bradney, Hall & Dahman, of Jacksonville (Larry D. Kuster, of counsel), for appellee.

MR. JUSTICE WARD, delivered the opinion of the court:

Paul Winkleman was injured on July 8, 1975, when a piece of welding slag struck his left eye while he was repairing machinery at Oscar Mayer & Co. in Beardstown, where he was employed. An arbitrator awarded compensation for a permanent and total loss of 10% of the vision in the left eye, and the Industrial Commission affirmed. The circuit court of Morgan County set aside the decision of the Commission, and Winkleman filed a direct appeal to this court under Rule 302(a)(2) (73 Ill. 2d R. 302(a)(2)).

The medical evidence submitted to the arbitrator and the Industrial Commission was set out in reports from three physicians who had examined the claimant over a period of two years. The record shows that Dr. Alfred G. Schultz, who examined the claimant upon a referral from the claimant's treating physician one week after his injury, found a large central corneal abrasion and that the corrected visual acuity in the left eye was 20/300. The abrasion was treated with a cycloplegic medication and antibiotics. After about one month of treatment, the corneal abrasion had cleared and the claimant's corrected vision, using his preaccident eyeglass prescription, was almost 20/20. With a new prescription it was corrected to 20/20.

In his medical report Dr. A. George Schultz III expressed doubt that the accident was responsible for the need to change the claimant's prescription, and he stated that he could not detect any permanent visual defect or injury. Dr. Walter L. Frank, however, who examined the claimant in September 1975, noted a possible traumatic cataract and found a corrected visual acuity of 20/25, which in January of 1976 had improved to 20/20. In a

later report in October 1976, Dr. Frank stated the uncorrected vision to be 20/25. It is unclear on what date this testing was made.

The claimant testified that his eye chronically "matters," that his eyelids are "sticky," and that bright light causes him to lose vision in his left eye. These complaints appear in the record of proceedings before the arbitrator but are not mentioned in the reports of Drs. Schultz or Frank. The record does show that the claimant did seek treatment for these conditions from Dr. A. M. Paisley in June of 1977, prior to the review hearing before the Industrial Commission. Dr. Paisley's report also noted the formation of a small cataract in the left eye.

It is the function of the Commission to decide questions of fact and to determine the extent of disability, including loss of vision (*Walker v. Industrial Com.* (1978), 72 Ill. 2d 408; *Shockley v. Industrial Com.* (1979), 75 Ill. 2d 189; *Keystone Steel & Wire Co. v. Industrial Com.* (1978), 73 Ill. 2d 290), and its decision will not be reversed unless it is contrary to the manifest weight of the evidence. This is so though a court might have drawn different inferences from the evidence. (*A. O. Smith Corp. v. Industrial Com.* (1977), 69 Ill. 2d 240; *Illinois Valley Irrigation, Inc.* (1977), 66 Ill. 2d 234.) We consider that the circuit court erred in reversing the Industrial Commission's decision. We do not judge that its finding was contrary to the manifest weight of the evidence we have outlined.

The respondent says that there is no showing of a post-accident difference in vision and that this court in *Motor Wheel Corp. v. Industrial Com.* (1979), 75 Ill. 2d 230, said that if the claimant did not use glasses the difference between his uncorrected vision before and after injury is the measure of damages. If he wore glasses, the difference between his corrected vision before and after injury is the measure. The answer to this contention, however, is that there was evidence of a difference in uncorrected vision

and, further, the comment from *Motor Wheel* cited by the respondent was not intended to be a statement of the standard to be used in determining the extent of loss of use of an eye.

This court has uniformly held that "the loss of use of the eye is a question of fact in each case and is not one to be determined by mechanical measurement as to corrected vision or uncorrected vision." (*Walker v. Industrial Com.* (1978), 72 Ill. 2d 408, 413.) In *Lambert v. Industrial Com.* (1952), 411 Ill. 593, it was laid down that in determining the extent of loss of sight or use of an eye one should not measure by the standard of vision as corrected or uncorrected alone. The reason given for this was:

"[N] either rule is adequate to cover all cases. If naked vision, alone, is considered, the worker with corrected vision is not adequately protected, and if corrected vision, alone, is considered, the worker with uncorrected vision is not fully protected. In the first instance, the loss of an eye 'industrially blind' with naked vision, but normal with correction, would not be compensable; in the second, an injury rendering a normal eye industrially blind would not be compensable if it could be corrected to normal by the use of glasses." 411 Ill. 593, 604.

In *Motor. Wheel* we made clear our adherence to the holding in *Lambert.* The comment from *Motor Wheel* on which the respondent relies was not intended as a full statement of the standard of injury or loss. The extent of injury or loss of use is a question of fact to be determined by the Industrial Commission without its being restricted to a standard of uncorrected or corrected vision.

For the reasons given, the judgment of the circuit court of Morgan County is reversed and the award of the Industrial Commission is reinstated.

*Judgment reversed;*
*award reinstated.*