(No. 54332.–■■■■■■)

MARINE HEMPHILL, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Oscar Mayer & Co., Appellant).

*Opinion filed September 30, 1981.*

Rammelkamp, Bradney, Hall, Dahman, Kuster & Collins, of Jacksonville (Larry D. Kuster, of counsel), for appellant.

Knuppel, Grosboll, Becker & Tice, of Petersburg (John L. Knuppel, of counsel), for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

Marine Hemphill filed a claim under the Workmen's

Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*) for injuries sustained in the course of her employment with Oscar Mayer and Co., Inc., in Beardstown. An arbitrator awarded compensation for permanent and complete loss of use of 11% of her right hand. On review, however, the Industrial Commission found that the claimant had suffered a permanent loss of use of 75% of her right middle finger and awarded additional compensation. The circuit court of Cass County set aside the Commission's decision and held that the award should have been for 100% loss of use of the finger. The respondent brought a direct appeal to this court under Rule 302(a)(2) (73 Ill. 2d R. 302(a)(2)).

The accident occurred on May 4, 1978, when the claimant's right middle finger was struck by the blade of a sausage mixer, thereby severing the distal phalanx or end of the finger. Her hand was in a cast for about three weeks, and she subsequently was able to return to her regular duties. That the accident occurred as described has not been questioned; the only issue has been the nature and extent of the injury.

The medical evidence was set out in reports from three physicians who had treated or examined the claimant over a period of 18 months. The record shows that Dr. Arthur G. Hyde, who performed the primary surgery on claimant's hand, debrided and reamputated the distal phalanx with trimming of the head of the middle phalanx. His examination on March 12, 1979, showed a loss of approximately 2.5 centimeters (or about one inch) of the right middle finger and some loss of grip strength.

The report of Dr. Allen Van Beek, dated November 17, 1978, stated that the claimant had a 2.5 centimeter shortening of the right middle finger when compared to the normal left middle finger.

The claimant testified that she felt pain when lifting heavy objects, and that there was tenderness at the point of

amputation and some loss of grip strength.

On review before the Industrial Commission, the claimant introduced a report of Dr. Horacio R. Rivero made on September 20, 1979. It stated that an X ray revealed "loss of the distal phalanx [of the injured finger] and portion of the middle one." Dr. Rivero further noted findings of pain, stiffness, and limitation of motion of the right middle finger and right wrist due to partial amputation of the finger. A supplemental report dated October 9, 1979, noted a total loss of approximately 1½ inches of the right middle finger.

Section 8(e)(8) of the Workmen's Compensation Act (Ill. Rev. Stat., 1978 Supp., ch. 48, par. 138.8(e)(8)) provides:

> "The loss of the first or distal phalanx *** of any finger *** shall be considered to be equal to the loss of one-half of such *** finger ***. The loss of more than one phalanx shall be considered as the loss of the entire *** finger ***."

A similar provision in a predecessor statute (Ill. Rev. Stat. 1943, ch. 48, pars. 145(e)(6), (7)) was interpreted by this court in *Chicago, Wilmington & Franklin Coal Co. v. Industrial Com.* (1948), 399 Ill. 76, 79:

> "The plain meaning of the statute is that the loss, or the permanent and complete loss of use, of two or more phalanges, or a substantial portion of the second phalange is a prerequisite to an award for one hundred per cent loss by amputation of a finger. To entitle a claimant to an award for the loss of a finger where he has suffered the loss of the first phalange and a partial loss of the second phalange, the loss, or the loss of use, of the second phalange must be substantial in character."

In that case, the court found that the loss of the first phalanx and the removal of the condyles and one-eighth inch of the second phalanx was substantial and entitled the claimant to compensation for loss of use of his whole finger.

It is, of course, the function of the Commission to

decide questions of fact, including the determination of the extent of disability. Its decision will not be reversed unless it is contrary to the manifest weight of the evidence. (*Oscar Mayer & Co. v. Industrial Com.* (1980), 79 Ill. 2d 254.) This is so even though a court might draw different inferences from the same evidence. *A. O. Smith Corp. v. Industrial Com.* (1977), 69 Ill. 2d 240.

It is obvious that the Industrial Commission, in awarding the claimant compensation for a 75% loss of use of the finger, had found that she had suffered a loss of more than the first phalanx of her right middle finger. This finding was not contrary to the manifest weight of the evidence. Dr. Rivero's report stated there was "loss of the distal phalanx and portion of the middle one." That this represented a substantial loss of the second phalanx seems evident from Dr. Rivero's statement that there was a "total loss of approximately 1-½ inches" of the right middle finger. It is immaterial whether the entire loss was due to traumatic amputation or part of the loss was caused by necessary surgical amputation. *Begich v. Industrial Com.* (1969), 42 Ill. 2d 32.

The Commission's finding was not contrary to the manifest weight of the evidence, but the Commission erred in awarding compensation for 75% loss of use of the finger. We consider that the legislative intendment was unequivocal: "The loss of more than one phalanx shall be considered as the loss of the entire *** finger ***." (Ill. Rev. Stat., 1978 Supp., ch. 48, par. 138.8(e)(8).) The Commission had no authority to make an award for other than 50% or 100% loss of use. See *Macon County Coal Co. v. Industrial Com.* (1937), 367 Ill. 458.

Accordingly, the judgment of the circuit court of Cass County is affirmed.

*Judgment affirmed.*