(No. 55233.—

ROOSEVELT PRIDGEON, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Hammond Organ Company, Appellee).

*Opinion filed March 16, 1982.*

478

Jordan Teplitz, Ltd., and Beermann, Swerdlove, Woloshin, Barezky & Berkson, all of Chicago (Miles N. Beermann and Susan L. Brody, of counsel), for appellant.

Kane, Doy & Harrington, of Chicago (Arthur O. Kane, of counsel), for appellee.

CHIEF JUSTICE RYAN delivered the opinion of the court:

In this workmen's compensation case claimant, Roosevelt Pridgeon, suffered an injury to his left eye while employed by Hammond Organ Company. The injury

caused the formation of a cataract, which was subsequently surgically removed. The arbitrator found that the claimant did not sustain any permanent disability to his left eye. On review, the Industrial Commission found that the claimant was entitled to receive compensation for the permanent and complete loss of sight in his left eye to the extent of 75%. Claimant sought review in the circuit court of Cook County, which confirmed the Commission's decision. Claimant has now appealed to this court. (73 Ill. 2d R. 302(a).) The sufficiency of the award is the sole issue before us. It is claimant's contention that he is entitled to an award for the total and permanent loss of use of his left eye.

Claimant's contention is based on the fact that in the removal of the cataract the lens of the eye was removed, which constituted either the "loss" of the eye, or the permanent and complete "loss of use of the eye" as a matter of law. In the alternative, claimant contends that the decision of the Industrial Commission was contrary to the manifest weight of the evidence.

This court has noted previously that our workmen's compensation act contains no standards for determining the percentage of loss of use of an eye, and does not specify whether corrected or uncorrected vision shall be used in determining the extent of eye injuries compensable under the Act. In this State it has been uniformly held that the loss of use of an eye is a question of fact and is not one to be determined by mechanical measurement as to corrected or uncorrected vision. *Oscar Mayer & Co. v. Industrial Com.* (1980), 79 Ill. 2d 254, 257; *Motor Wheel Corp. v. Industrial Com.* (1979), 75 Ill. 2d 230, 237; *Walker v. Industrial Com.* (1978), 72 Ill. 2d 408, 412-13; *Lambert v. Industrial Com.* (1952), 411 Ill. 593, 599, 606-08.

The claimant places heavy emphasis on the fact that not only did a cataract develop as a result of his injury but

also that in correcting this condition the lens was removed from his left eye. There is nothing unusual about the removal of the lens in correcting such conditions. In fact, a cataract is an opacity of the lens of the eye and the customary treatment is to remove the lens and to accomplish the focusing function of the lens by the use of a spectacle lens, a contact lens, or an implanted lens. Medical Atlas for Attorneys (1 Surgical Techniques 175 (1968)); 3 R. Gray, Attorneys' Textbook of Medicine 681 (3d ed. 1981).

The claimant correctly points out that in *Walker v. Industrial Com.* (1978), 72 Ill. 2d 408, which was a cataract case, the lens of the eye—that is the cataract—had not been removed. In determining the extent of the loss of use to be compensated for under the Act, we find no significance in the fact that the cataract had been removed, except that after the removal of the cataract the extent of the loss of use may be more precisely determined. Under the Act, the extent of that loss of use is still a question of fact to be determined without the application of arbitrary or mechanical standards of measurement as to corrected or uncorrected vision. The fact that the corrected vision which results following the removal of the cataract causes a deficiency which must be remedied by the use of corrective lenses is no more significant than is the correction of any other deficiency of the eye by the use of spectacles or contact lenses.

Also we cannot agree with claimant's contention that the removal of the lens from the eye is equivalent to the "loss" of the eye. The lens is only one of many component parts of that organ. Without it the eye is still functional, although impaired. The degree of impairment in most instances can be reduced by the use of an artificial lens. In *Hamilton Engineering Co. v. Industrial Com.* (1947), 399 Ill. 30, this court held that the removal of the lens from an eye as a result of a cataract extraction was not

the equivalent of the "loss" of an eye or of the total and permanent "loss of use" of an eye. In that case the employee had had the lenses removed from both eyes in cataract surgery prior to his employment by the employer. As a result of that surgery he had totally lost the sight of one eye, but by the use of an artificial lens the other was functional and he was able to perform the duties of his employment. He then suffered a work-related injury to the eye in which he had vision. This injury resulted in the loss of sight in that eye. The employer contended that under the Act he was entitled to a deduction due to the former loss of vision in the eye and that since the employee was industrially blind as a result of the former cataract surgery, there was no loss for which it was responsible. This court held that the employer was not liable for the loss of the eye in which the employee had no vision after the cataract surgery but that the employee was entitled to an award for the permanent and complete loss of use of the other eye. This holding is contrary to the position urged by the claimant in our case. If the removal of the lens from the eye constitutes the "loss" or the total and permanent "loss of use" of the eye as a matter of law, the employer's contention in *Hamilton Engineering Co.* should have been sustained.

The facts of the case now before us present no reason to depart from the previous holdings of this court that the extent of the loss of use of the eye is a question of fact and that the finding of the Industrial Commission on that question will not be disturbed on review unless it is contrary to the manifest weight of the evidence.

The claimant here also contends that the finding of the Industrial Commission is contrary to the manifest weight of the evidence. The claimant's cataract was removed in March 1976. In May of that year he was examined by a doctor who found that, with a corrective lens, his left eye could read 20/80. In January 1978 he was

examined by another doctor who testified that the corrected vision in the claimant's left eye was then 20/40. The claimant testified that although the contact lens he has for his left eye helps him, he does not wear it because it is uncomfortable. There is also testimony in the record that the claimant's uncorrected vision in his left eye is essentially finger counting at six inches.

Although this evidence is undisputed, its evaluation and translation into a degree of loss of use are areas in which we are not prepared to substitute our opinion for that of the Industrial Commission. On these facts we cannot say that the determination of the Commission was against the manifest weight of the evidence. We therefore affirm the circuit court of Cook County.

*Judgment affirmed.*