(No. 41409.— )
CHICAGO TRIBUNE, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Lena Tobin *et al.,* Appellees.)

*Opinion filed May 28, 1969.*

ROBERT H. JOYCE, RAYMOND J. KELLY, and SEYFARTH, SHAW, FAIRWEATHER & GERALDSON, all of Chicago, for appellant.

WILLIAM J. CATENA and PHILIP A. CRIFASE, both of Chicago, for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook County confirming an award of the Industrial Commission to the family of one Harold Tobin, a deceased employee of the Chicago Tribune.

The decedent was 49 years of age and had worked as a pressman for 15 years. His duties were to put webbing into the press, adjust the ink flow and occasionally place a bucket of ink weighing 30 to 40 pounds on a hoist which elevated the bucket to an upper level. He then walked up 12 to 13 steps to that level and there fed the ink into the press.

On the morning of his death, he went to work at 7:00 A.M., checked the ink on the upper level, lifted an ink bucket onto the hoist at 8:00 A.M. and was seen on the upper level approximately 15 minutes later. About 9:20 A.M. he went to the nearby smoking room and 20 minutes later was found lying on the floor next to the delivery conveyor which was not in the area of the elevator hoist. He was dead on arrival at the hospital where an autopsy was performed. The pathologist testified that "the cause of death was due to acute coronary insufficiency due to acute coronary thrombosis due to arteriosclerotic coronary disease and cardiomegaly." He further stated that the employee was "in trouble without a thrombus and didn't know it." It is thus apparent that this man had a serious pre-existing heart problem. The employee's medical expert gave an opinion, based upon a hypothetical set of facts, that there might or could have been a causal connection between the work performed that morning and the employee's death.

In *Republic Steel Corp.* v. *Industrial Com.,* 26 Ill.2d 32, 45, we held: "To come within the statute the employee must prove that some act or phase of the employment was a caus-

ative factor in the ensuing injury. He need not prove it was the sole causative factor nor even that it was the principal causative factor, but only that it was *a* causative factor in the resulting injury." This statement has since been quoted with approval. (See *e.g. Proctor Community Hospital* v. *Industrial Com.*, 41 Ill.2d 537.) The determination of whether there is a causal connection is a question of fact to be determined by the Industrial Commission and its findings will not be disturbed unless they are contrary to the manifest weight of the evidence, regardless of how we might have held if it were within our province to decide the issues in the first instance.

In *Republic Steel* we upheld the award and in *Bacon* v. *Industrial Com.*, 38 Ill.2d 597, cited by the employer, we affirmed the Commission's finding of no causal connection. Two other cases are relied on by the employer. In *Illinois Bell Telephone Co.* v. *Industrial Com.*, 35 Ill.2d 474, the employee merely walked 4 blocks before having an attack, and in *National Malleable & Steel Castings Co.* v. *Industrial Com.*, 32 Ill.2d 184, the decedent had a heart attack 4 days earlier and only reported for work without performing any actual work. In those cases we reversed the Commission because its findings were, in our opinion, contrary to the manifest weight of the evidence.

Here, there was evidence of lifting a relatively heavy bucket of ink onto a hoist followed by a lifting and pouring of the ink into the press after climbing the steps to the upper level. It was established that the employee had a deteriorated heart, but there was evidence that his work was a contributing factor to the heart injury which caused his death. We cannot say that the finding of a causal connection was contrary to the manifest weight of the evidence.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*