(No. 41731.—

BOARD OF EDUCATION OF THE CITY OF CHICAGO, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Frank Coffey, Appellee.)

*Opinion filed Nov. 26, 1969.—Rehearing denied Jan. 26, 1970.*

JAMES W. COFFEY, of Chicago, (JOHN J. DILLON, MICHAEL J. MURRAY, and JAMES E. RILEY, of counsel,) for appellant.

KANE, DOY & HARRINGTON, of Chicago, (ARTHUR O. KANE and ROBERT E. HARRINGTON, of counsel,) for appellee.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook County which affirmed a decision of the Industrial Commission awarding compensation for temporary total disability and medical expenses under the provisions of section 19(b) of the Workmen's Compensation Act to the claimant, Frank Coffey, for the heart attack he sustained on January 27, 1966.

The claimant, Frank Coffey, had been an employee of the Board of Education of the City of Chicago since April 2, 1964, as a civil service janitor. His work consisted of dusting halls, corridors and classrooms with a dustmop, emptying waste paper baskets, and picking up broken bottles and candy wrappers on the school grounds during the usual working hours of 11 A.M. to 7:30 P.M. Several times during the school year the custodial staff would be assigned to major cleaning chores while the pupils were on vacation from school. These chores consisted of mopping, scrubbing and waxing all the floors in the school.

On January 27, 1966, Coffey reported to the Hayt school about 7 A.M. He was assigned, along with two other janitors, to mop the basement floor. Coffey used a mop weighing about twelve pounds, and a wringer bucket with a handle enabling the operator to manually squeeze the water out of the mop. He worked about four hours at mopping the floor. He testified that about 10:30 to 10:45 in the morning he

noticed a slight pain in his chest, but did not report it to anybody. At noon he mentioned the pain to his fellow employees. To relieve the pain, he tried lying down and taking Tums and nitroglycerin pills, which he had carried since his previous heart attack in 1959 but had not used in the previous three years. The pain did not go away, though Coffey stayed at the school building until 4:30 P.M. and then went to a friend's home. While at his friend's home he ate dinner and took additional nitroglycerin pills and Tums. In addition, he had several shots of brandy. He called his doctor from his friend's home and was advised to take Bufferin, which he did. The pain continued, so he took another shot of brandy and apparently passed out. His next recollection was waking in St. Francis Hospital at 10:30 or 11:00 in the morning of January 29, 1966.

Coffey was admitted to St. Francis Hospital at 3:50 A.M. on January 28, 1966. He was brought in by ambulance and accompanied by his friend. He was violent and thrashing about so that full restraints were placed on him and remained on him until January 29, 1966. In addition, he was injected with sedatives during this time. The examining intern's impressions on claimant's admission were: "(1) Poss diabetic coma (2) D.T. ??? (3) R/O Myocardial infarction." Final diagnosis apparently eliminated the possibility of delirium tremens.

Two doctors testified at the hearing before the Industrial Commission. Both agreed that Coffey had suffered a myocardial infarction. Dr. Nathanial Greenberg testified for the employee and stated that, based upon a hypothetical question, it was his opinion that Coffey had suffered an acute myocardial infarction as a result of Coffey's work effort, which began at approximately 12:00 noon on January 27 and evolved during the remainder of that day. The doctor based his opinion on the fact that Coffey's heart had previously been damaged in 1959 by another myocardial in-

farction and that the current attack showed the classical symptoms of pain and weakness evolving over a period of hours. He further indicated that nitroglycerin relieves the pain of angina pectoris, although ordinarily it does not relieve the pain of myocardial infarction.

The records indicate that Coffey had had a pre-existing condition of diabetes and heavy drinking. Dr. Greenberg, testified, however, that people with diabetes, whether mild or severe, over a period of years are statistically much more likely to develop hardening of the arteries with its various complications, and that this hardening of the arteries increases the possibility of a myocardial infarction. Dr. Greenberg also testified that it was his opinion that Coffey had or has an arteriosclerotic heart disease and that it is possible for a person with this disease to perform strenuous work without any ill effects, and then three months later perform a similar type of work and suffer ill effects. He further indicated that situations which are intolerable at one time may become tolerable after circulation to the particular area of the heart has improved, which it can do.

Dr. Harold Steinberg, testifying as a witness for the employer, indicated that it was his opinion that there was no causal relationship between Coffey's duties as a janitor on January 27, 1966, and his episode of disability which followed and resulted in a period of hospitalization. He based his opinion on the fact that Coffey performed these duties on several previous occasions and did not suffer any myocardial infarction as a result. Dr. Steinberg further testified that coronary arteriosclerosis is a common, ordinary disease of life in a 56-year-old male such as Coffey, and combined with the history of diabetes, makes such a person more prone to coronary disease than the ordinary adult male.

The employer maintains that there is insufficient evidence to show a causal connection between the employee's work and his disability.

The role of a court of review in Industrial Commission

cases was recently restated in *Proctor Community Hospital v. Industrial Com.*, 41 Ill.2d 537, 541-42. What was stated there is equally applicable here.

Here, there were two and one half hours of occupational duties followed by claimant's complaints of feeling ill and his testimony that this included chest pains. The testimony of the claimant's medical expert was that the infarction occurred at about 12:00 noon while the claimant was at work and that the work might or could have been a causative factor in the resulting disability. While it was established that the employee was diabetic and had a pre-existing heart condition, there was also evidence that his work was a contributing factor to the heart injury. We cannot say under these circumstances that the finding of a causal connection was contrary to the manifest weight of the evidence. *Proctor Community Hospital; Chicago Tribune Co. v. Industrial Com.*, 42 Ill.2d 476; *Avis Hotel v. Industrial Com.*, 41 Ill.2d 54.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*