(No. 48024.—

ABBEY LABOR SERVICE, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—Anthony Kaminski, Appellee.)

*Opinion filed April 5, 1977.*

Klohr, Braun, Lynch & Smith, of Chicago (Mark A. Braun, of counsel), for appellant.

J. Michael Madda, of Chicago (John E. Flavin, of counsel), for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

An arbitrator for the Industrial Commission awarded workmen's compensation benefits to claimant, Anthony Kaminski, for 5 weeks of temporary total disability at $68 per week, plus 30 weeks at $68 per week for 15% permanent and complete loss of use of his right leg, as the result of injuries arising out of and in the course of his employment by Abbey Labor Services, Inc. On review, the Industrial Commission affirmed; the employer sought *certiorari* from the circuit court of Cook County, which confirmed the Commission, and the employer appealed. 58 Ill. 2d R. 302(a).

Abbey urges that the award for permanent disability is not supported by any substantial credible evidence. It also argues there is no proof that Kaminski was ever totally disabled and no proof of his average annual wage.

The employer is a labor service which hires on a daily basis, utilizing the services of the employees for the number of hours necessary at the location to which they are sent. On Friday, February 8, 1974, Kaminski was employed at $1.70 per hour to unload crates weighing 400-500 pounds for a dental show at a hotel. He worked

from 4 p.m. until 1:30 or 2 a.m. About 11 p.m., while helping lift one of the crates he "all of a sudden, just got a sharp pain in my back." The following Monday he was sent to a clinic for medical attention, and was there X-rayed and given heat treatment on his back and medication to take. Additional heat treatments and medication were received on February 19 and 26. The clinic then sent him to see Dr. John J. Dwyer, who X-rayed and examined him on March 7; his report concludes: "[C]laimant shows no objective evidence of any disability about his low back. He was found able to work." Claimant testified he worked only two days between the date of the injury and the date of the hearing, April 15, 1974, and that consisted of employment by another labor service pushing 80-90 pound bundles of asphalt tiles off a truck. He testified he continued to have pain in his back and right leg and that because of it he had trouble sleeping. The pain also bothers him while "bending and stooping down."

Claimant was examined by Dr. Robert C. Busch on April 9 and 11. His report included findings of: "Right lumbosacral and paravertebral tenderness spasm on palpation and pressure. Spasm radiates to right side and down posterior aspect of right thigh. Sciatic radiation of spasm, right. Weakness, stiffness and resistance to motion." He also found: "Residual complaints and disability, a source of discomfort for this patient, who is still in need of treatment. Improvement may be noted with passage of time and further treatment. Residual complaints and disability will remain. Re-examination and re-evaluation would be advisable after termination of treatment and an interval of time."

There is no dispute that claimant is entitled to an award; rather, the dispute is as to its extent. Our function in resolving that dispute is, of course, limited to determining whether the Commission's decision is contrary to the manifest weight of the evidence. (*Peavey Co. Flour Mills v. Industrial Com.* (1976), 64 Ill. 2d 252, 256.) The

Commission is entitled to draw reasonable inferences from the evidence, and, where those inferences can be said to be reasonable, courts will not discard them simply because other inferences might have been drawn by the courts were they sitting as the trier of fact. (*Ford Motor Co. v. Industrial Com.* (1976), 62 Ill. 2d 337, 341-42; *Gould National Batteries, Inc. v. Industrial Com.* (1966), 34 Ill. 2d 151, 158.) Here, the Commission had before it Dr. Dwyer's report indicating no objective evidence of disability and Dr. Busch's report finding tenderness and spasm and indicating that residual complaints and disability will remain, together with claimant's testimony as to continuing pain. Even though Dr. Busch's report suggested that improvement might occur with further treatment and recommended reevaluation at a later date, we cannot say that the Commission's award for a 15% permanent loss of use of the right leg is contrary to the manifest weight of the evidence. (*Seay v. Industrial Com.* (1976), 62 Ill. 2d 241, 243-44.) Nor does it appear to us that Kaminski's annual earnings were computed other than in accord with the provisions of section 10 of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.10).

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*