(No. 50337

ROBERT D. SKINNER, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* —(Portable Elevator, Appellee.)

*Opinion filed September 19, 1978.*

James Walker, Ltd., of Bloomington, for appellant.

Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington (Ralph Schroeder, of counsel), for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

On August 15, 1975, claimant Robert D. Skinner fell while climbing the steps at respondent Portable Elevator's place of business in Bloomington. His subsequent claim for compensation under the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.1 *et seq.*) was denied by the arbitrator. That decision was affirmed on review by the Industrial Commission, and its decision was confirmed by the circuit court of McLean County.

Claimant had been employed as a welder at Portable

Elevator for approximately five years prior to and during which he suffered from several health problems. He had experienced a respiratory problem in 1966 diagnosed as asbestosis, and in 1969 was found to have rheumatoid arthritis, which was treated with gold therapy. In 1972 he developed myalgia rheumatica, the pain and fever symptoms of which were relieved by prednisone. Attempts to terminate the prednisone resulted in a recurrence of severe muscle pains and occasional fever for which he was several times hospitalized. In 1973 he was hospitalized for a low back strain, and in early 1975 he had back pain again. About this time he also had cataract eye surgery. Apparently as a result of an excessive amount of cortisone, claimant developed Cushing's syndrome, which tends to make the body bones more susceptible to fracture. During the year or so before the episode in question here claimant indicated his "back would flare up and hurt."

On Friday, August 15, 1975, claimant commenced work at 7 a.m. The frame of his glasses broke shortly thereafter and he was taken to the Gailey eye clinic by his wife. After his glasses were repaired, his wife drove him back to his place of employment about 9 a.m. As he was walking up a short flight of wooden steps to the main entrance he fell forward, apparently attempting to break his fall with his right arm while retaining his lunch box and thermos in his left hand. He testified that his right leg, arm and "stomach" struck the steps, he "jumped right back up" and went on in to work. He noticed nothing unusual until his right leg started bothering him about noon. He made no complaint to anyone and continued working the balance of the day. On Saturday his right leg was black and blue below the knee and his back was beginning to get sore. He returned to work on Monday and worked in the paint booth although his back was bothering him. He again worked in the paint booth on Tuesday, but "couldn't bend hardly at all" and his wife took him to see Dr. John

Bertsche on Wednesday.

Dr. Bertsche testified he saw claimant on August 20, at which time his "lumbar muscles were very taut." He was admitted to Mennonite Hospital on the 21st, and X rays of his back were taken. Dr. Bertsche testified that on those films the superior portion of the first lumbar vertebra "has been shortened and appears to be fractured," an abnormality not appearing in similar films taken in January 1975. The doctor also testified that the compression fracture "was quite likely related to his fall on the fifteenth." Claimant was discharged from the Hospital August 30 following treatment with bed rest and analgesics. Dr. Bertsche indicated that in his opinion it would be unwise for claimant to return to his previous employment or any employment involving lifting or stooping for three or four months, during which the vertebra would have time to heal. Dr. Bertsche also noted that the January 1975 X rays had shown fractures of two other vertebrae and that when he saw claimant on August 20 the doctor had thought claimant was simply suffering a recurrence of his former back problem. Claimant had not mentioned his fall to the doctor, and it was not until a nurse had twice asked him if he had not had a fall that claimant recalled falling on the steps. Claimant has received some $1,300 in group insurance benefits.

The arbitrator who heard the case found that claimant had sustained accidental injuries on August 15 arising out of and in the course of his employment but had failed to establish a causal connection between the ill-being now complained of and the August 15 accident. Claimant urges here that the uncontroverted evidence is to the contrary and cites several cases in which this court held Commission findings of no causal connection were contrary to the manifest weight of the evidence. It is significant, however, that in none of those cases had the arbitrator, Commission and trial court all denied compensation as is true here.

In this case had the arbitrator and the Commission, as the finders of fact, awarded compensation, we would have no difficulty in affirming that award. But they did not and we may not substitute our judgment for theirs unless theirs can fairly be said to be contrary to the manifest weight of the evidence. (*A.O. Smith Corp. v. Industrial Com.* (1977), 69 Ill. 2d 240, 246; *Abbey Labor Service, Inc. v. Industrial Com.* (1977), 66 Ill. 2d 213, 215-16.) True, the arbitrator found claimant had suffered accidental injuries emanating from the August 15 accident; he also found, however, that there was no causal connection between that accident and the particular injury now complained of. It may well be that the injuries referred to by the arbitrator were those to the right leg of which claimant originally complained, and that the ill-being complained of here was considered to be a recurrence of the back pain which claimant stated "flared up" during the preceding year or so. Considering, too, the fact that claimant experienced no back pain at the time of the fall and did not mention it to the doctor until after new X rays had been taken and a nurse had twice inquired of him regarding falls, we believe the finding of failure to prove a causal connection cannot be said to be contrary to the manifest weight of the evidence. *Board of Trustees v. Industrial Com.* (1978), 71 Ill. 2d 287, 295; *Sahara Coal Co., Inc. v. Industrial Com.* (1977), 66 Ill. 2d 353, 355.

The judgment of the circuit court of McLean County is accordingly affirmed.

*Judgment affirmed.*