(No. 53856.

THEODORE R. DeADWYLER, Appellant, v. THE IN-DUSTRIAL COMMISSION *et al.* (The Board of Education of the City of Chicago, Appellee).

*Opinion filed September 30, 1981.*

Theodore R. DeAdwyler, of Chicago, *pro se.*

Michael J. Murray, of Chicago (Reginald D. Taylor, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

Theodore R. DeAdwyler, the claimant, was employed by the Board of Education of the city of Chicago (Board) as a social studies teacher for seventh and eighth grade students. Claimant filed an application for adjustment of claim with the Industrial Commission which alleged that on March 8, 1979, he suffered "[m]ental stress and strain plus emotional trauma" as a result of an "assault" committed against him by a student. The application was filed without the aid of counsel, and claimant has conducted this case in its entirety *pro se.*

The arbitrator found that the claimant failed to prove by a preponderance of the evidence that he sustained accidental injuries arising out of and in the course of his

employment. The application was dismissed and the claim for compensation denied. The arbitrator's findings were affirmed on review and confirmed by the circuit court of Cook County on *certiorari* to the Industrial Commission. The claimant brings this appeal pursuant to Rule 302(a) (73 Ill. 2d R. 302(a)).

In *Pathfinder Co. v. Industrial Com.* (1976), 62 Ill. 2d 556, this court allowed recovery for a psychological injury alone. The court did so, however, after a careful review of previous holdings of this court and decisions of other jurisdictions which had allowed such recovery. The court in *Pathfinder* was careful to point out the potential for abuse in cases of alleged psychological injury through fabrication, but went on to observe that "[t]he claimant [in *Pathfinder*] experienced a sudden, severe emotional shock, which would be the reaction of a person of normal sensibilities who, attempting to aid an injured co-worker, reached in and drew a severed hand from the press." It was on this evidence that the award was upheld. 62 Ill. 2d 556, 567-68.

In *Board of Education v. Industrial Com.* (1981), 83 Ill. 2d 475, we reversed an award of compensation based upon psychological injury resulting from verbal assaults because the record, taken as a whole, failed to show by a preponderance of the evidence that the claimant had suffered a compensable injury. (83 Ill. 2d 475, 479.) We there held that although the testimony of the claimant, standing alone, is sufficient to sustain an award, the proof offered must, nonetheless, show the claimant's entitlement to receive compensation. 83 Ill. 2d 475, 479.

In the case now before us the claimant testified that on March 8, 1979, during the course of a class session, a student seated in the back of the room accused the claimant of being in possession of a marking pen which allegedly belonged to the student. The student then "assaulted" the claimant by threatening to use whatever means were necessary to recover his property. At this point, the claimant left

the room and summoned the school authorities. The police were eventually called to the school by the claimant, who filled out an "employee assault report," but no further altercation or confrontation between the claimant and the student occurred. The claimant continued his teaching duties without interruption until April 20, 1979, after which time he simply did not return to work. No medical records were offered into evidence, and claimant admitted that he never consulted a physician or psychiatrist regarding his condition.

In support of his claim, the claimant introduced into evidence at arbitration a letter sent to the Board in connection with his application for a leave of absence necessitated by this assault. The document is authored by the claimant and designates himself as a "practitioner" below the signature line. The body of the letter is a self-diagnosis of psychological injury resulting from the "assault" and recommends that the claimant receive a minimum of 1-year leave from his teaching duties. In response to this letter, the Board requested that the claimant submit a license or other credentials as evidence of his status as a "practitioner." The claimant then sent to the Board a "license to preach" and a "certificate of ordination" issued by the Shiloh Baptist Church; a document, not under seal, purporting to appoint the claimant as a "Reserve Commissioned Officer" in the United States Army; a certificate evidencing satisfactory completion of instruction given at the Chaplain School, Fort Slocum, New York; a Bachelor of Divinity degree issued by Shaw University; and a teacher's certificate. All of these documents were admitted into evidence at arbitration, but none of them discloses that the claimant is in any way qualified to make a medical diagnosis of any kind or otherwise offer an expert opinion as to his condition. Claimant, nonetheless, maintains in this appeal that he is entitled to make a self-diagnosis and treat himself under section 8(a), which provides:

"When an employer and employee so agree in writing, nothing in this Act prevents an employee *whose injury or disability has been established* under this Act, from relying in good faith, on treatment by prayer or spiritual means alone, in accordance with the tenants and practice of a recognized church or religious denomination, by a duly accredited practitioner thereof, and having nursing services appropriate therewith, without suffering loss or diminution of the compensation benefits under this Act." (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 48, par. 138.8(a).)

We need not decide the merits of this contention, however, because the section quoted above plainly requires that a claimant first establish a compensable "injury" under the Act.

The documents mentioned above and the claimant's testimony were the only evidence at arbitration. On review, the claimant introduced no further evidence in support of his claim. The Commission affirmed and adopted the arbitrator's dismissal of the application based upon the claimant's failure to prove that he sustained an accidental injury arising out of and in the course of his employment.

The question of whether an employee has sustained a work-related injury is one of fact to be determined by the Industrial Commission, and its determination will not be overturned unless contrary to the manifest weight of the evidence. (*Skinner v. Industrial Com.* (1978), 72 Ill. 2d 394, 398; *Kerz v. Industrial Com.* (1972), 51 Ill. 2d 319, 322; *Chicago Tribune v. Industrial Com.* (1969), 42 Ill. 2d 476, 478.) In the present case, notwithstanding the fact that the respondent offered no evidence in rebuttal, the entire testimony before the Commission, together with the circumstance of the event as evidenced by the record, made the inference that no work-related injury had occurred a permissible one, which we find was not contrary to the manifest weight of the evidence. The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*